## CLOUD & SHACKLEFORD *vs.* DUPREE.

1 In a claim case the sayings of the defendant in *fi. fa.*, if against his interest, and made before the commoncement of the suit against him, are admissible as evidence for the claimant.

The expression, *"bona fide* creditor" in the act of 1847, for recording

marriage settlements, means a creditor who gives credit on the faith of the property contained in the marriage settlement.

Claim, from Spalding.   Tried before Judge CABANISS, at November Term, 1858.

This was a claim case, and the facts and proceedings had in the court below are as follows:

Cloud & Shackleford obtained judgment against Charles T. Dupree and John F. Dupree, at November Term, 1855, of Spalding superior court, and execution issued thereon dated 9th January, 1856, which was levied upon two negroes—Dock, a boy, and Rosetta, a girl, as the property of Charles T. Dupree.   Levy made 29th September, 1858.

To this property a claim was interposed by C. L. Dupree, as trustee of Mrs. Mary A. G. Dupree, the wife of said Charles T.   The property was claimed for her under a marriage settlement, made prior to her marriage, and by which said negroes and other property therein mentioned were secured to said Mary A. G. and her children.   The marriage settlement bears date 29th November, 1854, and was recorded 4th April, 1855.

At the trial, claimant offered to prove the sayings or declarations made by Charles T. Dupree, one of the defendants in *fi. fa.*, before the suit against him, to the effect that he was holding the property as trustee for Mrs. Dupree, while it was in their joint possession.   Counsel for plaintiffs objected to this testimony; the court overruled the objection so far as to allow the sayings and declarations of defendant to be given in evidence, which were made relative to his possession of the negroes before the commencement of the suit.

The evidence being closed, plaintiffs requested the court to charge the jury that the property is subject to the execution, if the marriage settlement was not recorded within the time prescribed by law—that is, within three months from its execution,—unless the claimant shows that plain-

tiffs had notice of it at the time or before they gave credit to defendant. The court refused so to charge; but charged the jury, that marriage settlements must be recorded within three months from the execution thereof, in the office of the clerk of the superior court of the county of the husband's residence; if so recorded, they are good against a *bona fide* creditor without notice, but if not recorded within this period, they are are not absolutely void, but void only as to a *bona fide* creditor who may give credit to the husband before the same is recorded; and a *bona fide* creditor is one who gave credit upon the faith of the property contained in the marriage settlement and in the possession of the husband. To be a *bona fide* creditor, the credit must be given without notice of the marriage agreement, and upon the belief that the property belonged to the husband and was liable for his debts. To which charge counsel for plaintiffs excepted.

The jury found for the claimant, and plaintiffs in *fi. fa.* moved for a new trial upon the ground that the court erred in the rulings, charge and refusal to charge, as above excepted to, and on the further ground that the verdict was contrary to law and evidence.

The court refused the motion for a new trial, and plaintiffs excepted, and assigned the same as error.

J. Q. A. ALFORD, and DANIEL & DISMUKE, for plaintiffs in error.

L. T. DOYAL, and PEEPLES & CABANISS, *contra*.

*By the Court.*—BENNING, J., delivering the opinion.

Was the court below right in receiving the sayings of the defendant in *fi. fa.*, offered as evidence by the claimant?

We think so. The sayings were against the defend-

ant's interest, and were uttered before the suit against him was commenced. They, therefore, were admissible both according to principle and to several decisions of this court. 8 Ga., 66; 20 Ga., 220; Ibid, 240.

If the court was right in charging what it did, it was certainly right in refusing to charge what it was requested to charge; for the two things, the charge and the request, were inconsistent with each other.

The question, then, may be, was the court right in its charge?

The part of the charge complained of amounted to this: That what is meant in the act of 1847, for recording marriage settlements, by the expression, "*bona fide* creditor," is a creditor who "gives credit" to the husband on the faith of the property contained in the marriage settlement. Is this a true exposition of those words? We think it is. The part of the act containing those words is as follows:

"If any such instrument be not recorded within the time prescribed by this act, the same shall not be of any force or effect against a *bona fide* purchaser without notice, or *bona fide* creditor without notice, or *bona fide* surety without notice, who may purchase, or give credit, or become surety, before the actual recording of the same."— Cobb's Dig., 180.

The purchaser, creditor, surety, are to be without notice, and also *bona fide*. They are to be something more, then, than mere real purchasers, creditors, sureties, without notice. They are to be also something, to adapt them to the "*bona fide*." What is there, to be that additional thing, except this: that they are to purchase, give credit, become sureties, relying, "*bona fide*"—"in good faith"—on the property contained in the marriage settlement? We see nothing. Therefore, not to hold that this is what was meant by the words *bona fide*, would seem to be equivalent

to rejecting those words, or, at least, equivalent to rendering them inoperative and useless.

And equity and justice favor this construction. The wife herself is a purchaser for a valuable consideration. Marriage is a consideration of the first value. Then she, by her mere marriage, has as high an equity as any creditor, purchaser, or surety·can have. If in addition, it is she that finds the property contained in the settlement, she has an equity far higher than theirs. And in this case the wife did find the property contained in the settlement. Surely creditors of the husband ought not to wish to get that property, unless that property was what they relied on when they gave him the credit.

Judgment affirmed.