WILLIAM H. BONNER, trustee, plaintiff in error, *vs.* E. H. METCALF, defendant in error.

1. A note under seal is not barred until twenty years after date.
2. While, in a deed from defendant in fi. fa. to claimant, the receipt or recital of the payment of purchase money may be evidence of its payment, when the deed was made before the suit in which the judgment was obtained, was commenced, yet it is but *prima facie* evidence, and a charge that it is not evidence will not necessitate the grant of a new trial, if the other facts of the case required the verdict as found.

Claim. Promissory Notes. Statute of Limitations. Deeds. Before Judge GIBSON. Hancock Superior Court. October Term, 1874.

The motion of claimant for a new trial, set forth in the opinion, was overruled, and he thereupon excepted.

For the other facts, see the opinion.

J. T. JORDAN ; GEORGE F. PIERCE, for plaintiff in error.

R. TOOMBS ; J. A. BILLUPS, for defendant.

JACKSON, Judge.

Metcalf obtained judgment against John Bonner, the father of Wm. H. Bonner, the trustee for his wife and children, and the claimant in this case as trustee. The *fi. fa.* was levied upon a tract of land, in the county of Hancock, as the property of John Bonner, and the property was found subject. The claimant moved for a new trial, on two grounds : first, that the note on which the judgment was obtained, as appeared from the record of the suit in the court which granted the judgment, was barred when that suit was begun ; and, second, that the court erred in charging the jury, that the recitals in the deed from John Bonner to W. H. Bonner, trustee, of the receipt of the purchase money, were no evidence of the payment thereof, if the

deed was made after the debt of John Bonner to plaintiff was contracted.

1. In respect to the first question, we think that the note was not barred. It was sealed, and ran twenty years. The writ was filed in office 14th September, 1866; the sealed note was dated 19th of October, 1846; so that suit was brought within twenty years. Besides, various entries were upon it, and the court would presume that sufficient evidence had been before the court to show that it was not barred after trial, verdict and judgment. But the fact is enough, that suit was brought within twenty years.

2. The other point is in respect to the recitals in the deed, and the weight to be given them. They were made after the debt was contracted, but before suit was begun, and, being against the apparent interest of the defendant in *fi. fa.*, and regarded as his declarations, perhaps they were *prima facie* evidence of payment. The rule in respect to declarations of defendant in *fi. fa.*, and their admissibility and weight, seems to be, that they are admissible if made before suit, and are *prima facie* evidence —8 *Ga.*, 66; 20 *Ga.*, 220, 240; 28 *Ga.*, 170. Code, §3784. Whether the recitals in a deed, made after indebtedness, but before suit, are such declarations as will come under this rule, is another question. On this precise question, in 20 *Ga.*, 221, Judge Benning says: "The note on which the *fi. fa.* was founded, was made on the 6th of March, 1851, and the deed was made on the 24th of July, 1850. This being so, the recital, when made, was against the interest of Harvard," who was the defendant in *fi. fa.* at that date. It will be thus seen, that Judge Benning puts the decision in that case on the recital being *against the interest* of defendant in *fi. fa.*, as the recital was made before the existence of the debt, as well as before suit, and the latter part of the opinion confirms this view.

It is not apparent how the recital in this deed, when the question in issue is, was it fraudulent or not in respect to creditors, and when it was made to his son by defendant in

*fi. fa.*, and when defendant in *fi. fa.* retained possession of the land, was against the interest of the defendant in *fi. fa.* ; and the principle on which the rule rests is, that the declaration must be against the interest of the defendant. We rather think, that, in such a case as this, the reason of the law ceasing, that the law ceases too. Section 2698 of the Code, however, would seem to imply, that recital of payment of purchase money is *prima facie* evidence.

However that may be, we are of the opinion, that, in this case, the *prima facie* evidence, if it be such, is very slight, and has been abundantly rebutted by the facts of the case, and that, therefore, the claimant was not hurt by the charge. See *Booher vs. Worrill*, 57 *Ga.*, 235. We, therefore, affirm the judgment.

Judgment affirmed.