GENTRY *vs.* COWAN, McCLUNG & COMPANY.

1. In order for a creditor to avoid a voluntary settlement by a husband on a wife which was not recorded within three months, on account of credit given before the actual record, he must be a *bona fide* creditor who gave credit on the faith of that property; that is upon the belief that the husband owned that property.

2. The evidence does not disclose that credit was so given in this case. A mere general statement by one member of a firm, of which the husband was also a member, and to whom the credit was extended, that they owned plenty of real estate outside of their stock to pay all debts they might contract, was not alone sufficient to show that this particular property was referred to or relied on.

Husband and wife.   Title.   Debtor and creditor.   Verdict.   Before Judge UNDERWOOD.   Floyd Superior Court. September Term, 1880.

Reported in the decision.

ALEXANDER & WRIGHT, for plaintiff in error.

C. ROWELL; JOEL BRANHAM, for defendants.

CRAWFORD, Justice.

A *fi. fa.* in favor of Cowan, McClung & Co. against Williams & Gentry was levied upon a house and lot as the property of Gentry, which was claimed by Mrs. Gentry as belonging to herself and children, under a deed made to them by W. L. Wadsworth, October 31st, 1872,

in consideration of $1,200.00, and recorded September 25th, 1874.

This deed, though made by Wadsworth, was but a voluntary conveyance directed by Gentry to be so made.

The consideration for plaintiffs' debt was goods sold in May and June, 1874, to the defendants in *fi. fa.*

The issues made on the trial of the claim case were, the solvency of the defendants in execution at the date of the deed, the good or bad faith in which it was made, and were the plaintiffs in *fi. fa. bona fide* creditors on the faith of the property claimed.

Much testimony was introduced to show that the firm of Williams & Gentry were insolvent in 1872, at the time of the making of the deed, and that the same was made by Gentry to defraud his creditors. The jury under the charge of the court found the property subject, and the claimant, upon being refused a new trial, brought the case to this court because of that refusal.

1. The decision of this case turns, first upon the proper construction to be given to §1778 of the Code; and second, whether the testimony submitted on the trial below was sufficient upon such proper construction, to authorize the jury to find the property subject.

That section requires every marriage contract and voluntary settlement made by the husband on the wife to be recorded in the office of the clerk of the superior court in the county of the residence of the husband within three months after the execution thereof. On failure so to record, such contract or settlement shall be of no force or effect against purchasers, creditors, or sureties who *bona fide* and without notice may become such before the actual recording of the same.

The only matter about which any doubt arises, or on which the judgment of this court is invoked, is as to what constitutes a *bona fide* purchaser, creditor, or surety without notice.

This question arose under this same act in the case of

*Cloud & Shackleford vs. Dupree*, in 28 *Ga.*, 170, and it was there ruled that, "the expression *bona fide* creditor, in the act of 1847, for recording marriage settlements, means a creditor who gives credit on the faith of the property contained in the marriage settlement." And in the same case, "to be a *bona fide* creditor it must be upon the belief that the property belonged to the husband and was liable for his debts."

In *Cunningham et al. vs. Schley et al.*, 41 *Ga.*, 435, it was again ruled that "the creditor attacking an unrecorded settlement must show that he gave credit on the faith of the property; that is, that he trusted the husband under the belief that the property was his. . . . The statute requires that the creditor shall have given the credit *bona fide* on the faith of the property. There must be some affirmative reliance upon the fact that apparently the husband was the owner."

In 53 *Ga.*, 159, this same question was before this court, and ex-Chief Justice Warner, in pronouncing the judgment asks, "Who is a *bona fide* creditor within the true intent and meaning of the statute? A *bona fide* creditor is one who gives credit to the husband on the faith of the property contained in the marriage settlement. The creditor of the husband must become such on the faith of the property contained in the marriage settlement before the recording of the same."

These repeated and uniform rulings are in our opinion quite sufficient to settle the law as to what constitutes a *bona fide* creditor. In the case before us the judge in his charge to the jury, after reciting the section, 1778, said that "a *bona fide* creditor is one who makes a contract in a fair course of trade for a valuable consideration, and in a case like this upon the faith of property in possession of the firm of Williams & Gentry, and each member of the firm." We think that this charge is not in harmony with the law, and that he should have instructed the jury that if they should believe from the evidence

that the plaintiffs in *fi. fa.* had shown that they gave the defendants credit, before the recording of the deed, upon the faith of the property contained therein, and that they trusted the husband under the belief that this particular property was his, then that they were *bona fide* creditors, and the property should be found subject. But a mere general statement that the defendants *had real estate*, without designating or defining it, so that a lien founded in the faith of ownership by the husband, would be insufficient to bind it for the payment of a debt not contracted on such faith and credit as the statute requires.

2. With such a charge, the enquiry would have been, does the testimony show that the credit was given upon the faith of this particular property?

The plaintiff, Cowan, testifies that Williams told him in substance, that he and Gentry had plenty of real estate outside their stock in trade to pay all the debts they might contract.

This is the entire foundation upon which it is claimed that the credit was given upon the faith of the property contained in the deed to Mrs. Gentry?

To what real estate did this refer? Where was it? In Rome or Alaska? The plaintiffs don't say that they knew. Upon the faith, then, of what property was this credit given? The defendants were the joint owners of some eight or nine thousand dollars worth of real estate, and Gentry had, besides the lot in dispute, another worth from $1,000.00 to $1,300.00; but if the plaintiffs knew it, they failed to disclose it in their testimony. It is contrary to human experience and human action for credit to be given upon the faith of property so vaguely alluded to— its actual existence, location and value unknown, uninquired about, and apparently uncared for. It does not appear that this particular property was ever heard of by the plaintiffs. How, then, could they have given the husband credit on the faith of it? They nowhere swear that they ever had heard of it. When a man gives credit on

the faith of real estate, he knows where it is, what is its character, and its probable value.

We think, therefore, that where property thus conveyed is to be condemned to sale, it should be made clearly to appear to the jury that the credit was given upon the faith of the identical property sought to be sold. In the language of Chief Justice Warner, in *Brown vs. Spivey*, already referred to, "For aught that appears in the record, the credit was given to the defendant upon the faith of his other property, as that it was given on the faith of the property contained in the deed of settlement."

Creditors in this act are put upon the same footing as purchasers; and the latter would have to show an identification of the land sold, an agreement as to the price, and the consent of the parties; the former should at least be required clearly and distinctly to identify the particular property upon the faith of which the credit was given, and at the time it was given. Indeed, business men do not put up their money or their goods on a vague, indefinite statement of a party that he has real estate enough to pay for whatsoever he contracts, but it must appear where it is, what it is, what is the value, and what sort of security it would be for the debt contracted.

We think that a new trial should be had and the jury instructed according to the legal principles herein indicated.

Judgment reversed.

JACKSON, Chief Justice, concurred solely because he felt himself controlled by prior decisions of this court. Were the question an original one, he would hold differently.