FRANK H. CRIM et al., Executors, etc., Respondents, *v.* RUFUS G. STARKWEATHER, Impleaded, etc., Appellant.

88      339
e 77 AD²242
j 77 AD²244

Where a complaint sets forth two distinct and separate causes of action, and a recovery is had upon both, the General Term has power upon appeal, with plaintiffs' assent, to reverse the judgment as to one, and affirm it as to the other.

A promissory note dated July 21, 1874, was by its terms made " payable on demand after date " at a bank, with interest " after maturity." The note was indorsed and transferred by the payee on the day of its date. It was presented for payment on the first and fourth days of February, 1878, payment demanded and refused, and on the fourth it was protested and the indorser notified. In an action upon the note, *held*, that it was the intent of the parties that the note should be presented for payment, if not immediately, at least within a very short time, and that the delay in this case was such as to dishonor the note, and the indorser was discharged.

*Merritt* v. *Todd* (23 N. Y. 28); *Pardee* v. *Fish* (60 id. 265), distinguished.

(Argued March 2, 1882 ; decided March 14, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming as to part, and reversing as to part, a judgment in favor of plaintiffs, entered upon the report of the referee.

The nature of the action and the material facts are stated in the opinion.

*George W. Smith* for appellant. The form of the note was notice to the plaintiff, J. S. F. Crim, that the considera-

tion was for the individual use of William T. Crim, and the plaintiff knowing the fact, could not hold the firm. (*King* v. *Faber*, 22 Penn. St. 21; *Cooper* v. *McCluckan*, 22 id. 80; *Bank of Vergennes* v. *Cameron*, 7 Barb. 143; *Dob.* v. *Halsey*, 16 Johns. 34; *Stall* v. *Catskill Bk.*, 18 W. R. 478; *Bk. of Rochester* v. *Bowen*, 7 id. 309; *Boyd* v. *Plumb*, id. 309; *Austin* v. *Vandermark*, 4 Hill, 261; *Wilson* v. *Wilson*, 14 W. R. 146; *Elliott* v. *Dudley*, 19 Barb. 326; Story on Part., § 128; *Union Bk.* v. *Underhill*, 28 Sup. Ct. 182.) A note made secretly by one partner in his own name for his own use, indorsed clandestinely by him with the firm name, and held in ambush by a holder, cognizant of the manner in which it was made, for the period of three years and nine months, cannot hold the non-assenting partner. (Herman on Estoppel, § 327; *Dewey* v. *Field*, 4 Metc. 381; *Taylor* v. *Ely*, 28 Conn. 250; *Forsyth* v. *Day*, 46 Me. 176; *Ackla* v. *Ackla*, 6 Penn. 228.) The indorsers of a promissory note payable on demand cease to be liable after the lapse of a reasonable time without demand. (*Losee* v. *Dunkan*, 7 Johns. 70; *Sice* v. *Cunningham*, 1 Cow. 397; 1 T. R. 167; 2 Caine's 369; *Merrill* v. *Todd*, 23 N. Y. 28; *Herrick* v. *Wolverton*, 41 id. 581–590; Edw. on Bills, 156; 15 W. R. 308; 3 Hill, 582; 3 W. R. 75; 41 N. Y. 000; 18 W. R. 478; 19 Barb. 326; 6 Abb. [N. S.] 341; 28 Sup. Ct. 179.)

*John D. Kernan* for respondents. The demand and protest was in time to charge the indorsers. (*Merritt* v. *Todd*, 23 N. Y. 28; *Pardee* v. *Fish*, 60 id. 265.) A recovery can be reduced as to separate and distinct items, where error in respect thereto has been committed upon the trial. (*Chouteau* v. *Suydam*, 21 N. Y. 185; *Whitehead* v. *Kennedy*, 69 id. 462; Code, § 1317.)

DANFORTH, J. The action was commenced by Justus S. F. Crim, as plaintiff, and he dying, was continued by his executors, to recover for money lent the defendants as copartners, under the name of Crim & Starkweather, and also $1,500

and interest, being the amount of a promissory note dated "Beloit, Wisconsin, July 21, 1874," made by W. T. Crim, and payable on demand, after date, to the order of Crim & Starkweather, at Crim & Starkweather's bank, "with interest at the rate of ten per cent per annum, after maturity." It was indorsed by the payees to the plaintiff. Starkweather alone defended. Among other answers he set up that the moneys referred to had been lent to the defendant Crim, individually, and the note made by him for his own use, and indorsed in the firm name without the consent of the defendant Starkweather; that it was not used in the firm business, and the plaintiff knew this when he received it. The issues were referred for trial, a report made in favor of the plaintiff, and judgment entered for $12,779.64. Upon appeal to the General Term, a new trial was ordered, unless the plaintiff would stipulate to reduce the judgment to the amount due upon the $1,500 note, as found by the referee, in which case the judgment, as so modified, was affirmed. The plaintiff gave the required stipulation, and the defendant Starkweather appeals from the judgment.

*First.* The causes of action were distinct and separable, and the General Term had, therefore, power, with plaintiff's assent, to reverse the judgment as to a portion of the claim. (*Whitehead* v. *Kennedy*, 69 N. Y. 462; Old Code, § 330; New Code, § 1317.)

*Second.* There is evidence to sustain the finding of the referee, that the note was indorsed by the firm of Crim & Starkweather, and before maturity delivered by them to the plaintiff, for a valuable consideration. If, therefore, as between the copartners it was the duty, as the plaintiff claims, of W. T. Crim to pay the note, this cannot affect the plaintiff. The cases cited by the appellant (*King* v. *Faber*, 22 Penn. St. 21; *Cooper* v. *McClurkan*, id. 80; *Bank of Vergennes* v. *Cameron*, 7 Barb. 143) do not aid him, for in these cases the party taking the paper either knew that the transaction was for the benefit of only one of the firm, or had notice of such facts as put him upon inquiry and charged him with that knowledge. The effect of the referee's finding, in this case, is to the con-

trary, and there is no request for a finding upon the propositions of fact, on which the appellant now relies.

*Third.* The remaining question is one of more difficulty. The note, as the plaintiffs' testator testified, was delivered to him on the day of its date, and as the referee finds, was presented for payment, on the first and fourth days of February, 1878, and payment demanded. It was refused and on the 4th of February the note was protested for non-payment, and the defendants notified. There is no finding, nor any evidence that the laws of the State of Wisconsin in reference to negotiable paper, and the steps necessary to be taken in order to charge the indorsers, are in any respect different from those which prevail with us. The question arises whether payment of the note was demanded at such time as to fix the indorser. To show that it was, the respondent cites *Merritt* v. *Todd* (23 N. Y. 28), and *Pardee* v. *Fish* (60 id. 265). In *Merritt* v. *Todd*, it was held by this court that a promissory note payable on demand, with interest, is a continuing security, that the indorser remained liable until the actual demand for payment, and that the holder was not chargeable with neglect for omitting to make such demand within any particular time.

The rule thus laid down was followed in *Pardee* v. *Fish* (*supra*), as applicable to a certificate of deposit payable to the order of the defendant on the return of the certificate, with interest, and he was held liable upon his indorsement, notwithstanding delay on the part of the holder in presenting the certificate for payment.

It is obvious that the present case requires a different rule. The note is payable, not on demand, but " on demand after date." It draws interest, not generally, and from its date, but after " maturity." There must be some lapse of time before demand. As the indorser could be charged by a proper notice, only at maturity of the paper, the same event which gave the holder a right to interest changed the indorser's contingent into an absolute liability. If on maturity of the paper it was paid, or if not paid and notice withheld from him, he was discharged. It would, therefore, be for the advantage of the holder

to cause speedy presentation of the note for payment, so that if not paid, interest might begin to accrue, and the benefit of the indorser, to have notice of its result as speedily as possible, in order that by payment he could stop its increase. It would seem, therefore, from the language of the contract, that the parties must have intended a presentation of the note for payment within a short or reasonable time, for each party is deemed to have contracted with reference to his own advantage.

In *Merritt* v. *Todd* (*supra*) the note in question was payable on demand with interest, and the action was against the indorser. Three years intervened between the making of the note and demand of payment, and the Supreme Court held that, by reason of such delay, the indorser was discharged. Upon appeal, however, after the fullest discussion of authorities, and the principle upon which they rested, we decided that whatever might be the rule where the security is not on interest, a note payable on demand, with interest, is a continuing security from which none of the parties are discharged, until it is dishonored by an actual presentment and a refusal to pay, and this result was reached as a fair interpretation of the contract. The note was construed as an agreement that the money should be paid on call, with interest in the meantime, thus intending a productive investment of the money for some period of time, and the court asked, " what then is that period ? " and said, " The only answer which can be given is that it is indefinite and indeterminate, and ascertainable only by an actual call for the money."

But on the other hand we said, " If the security be not on interest, it may be a fair exposition of the contract to hold that no time of credit is contemplated by the indorser, and that the demand should be made as quickly as the law will require, upon a check or sight-draft. Such a note, payable at the bank where the maker keeps his funds, will perform essentially the office of a check, imposing the duty of early presentment, in order to hold the collateral parties." The decision upon the facts before the court did not receive the sanction of all its members, and was conceded in the prevailing opinion to go be-

yond many adjudged cases, and to be in conflict with some of them, but a rule was laid down just in itself, and tending to uphold dealings according to the actual intention of the parties.

I am not aware that the principle enunciated in the case cited has been applied where the contract did not provide for interest. In *Wethey* v. *Andrews* (3 Hill, 582) an action was brought upon a note made by the defendants for $130, and interest payable on demand to one David W. Waite. Grimshaw bought the note within a week after its date, and three or four weeks after that the plaintiff took it. The question was whether it should be deemed dishonored so as to let in a defense, and the court say, " If it had not been on interest, I should have thought it right to presume that it had been demanded and payment refused, perhaps even by the time when Grimshaw obtained it. I would presume it on the unwillingness which every prudent man feels to have his money lie idle ; and would presume that the holder had seen or sent to the maker immediately and pressed him for payment."

Now if we apply the reasoning of these two cases (*Merritt* v. *Todd* and *Wethey* v. *Andrews*) to the one before us, it would seem to be decisive in favor of the defendant. There was a period of at least one day during which the note would bear no interest. After that, the holder had the right to require payment at any time he chose, but until he did require payment, no interest accrued. Every day's delay was therefore a loss to him, and when payment was demanded, the liability of the indorser to pay interest began. The provision for interest is important only as fixing its rate, for without it, the note would bear interest after maturity. The note, therefore, is in legal effect not unlike one in which no such term is written. It is also made payable at bank. From these circumstances I think it should be inferred, that the expectation of the parties was that the note should serve the purpose of a check, and be presented for payment, if not immediately, yet within a very short time. *Merritt* v. *Todd* (*supra*) introduces an exception to the rule made applicable in this State in many earlier cases to the question of *laches* in charging in-

dorsers.    We do not think it should be extended. (*Herrick* v. *Woolverton*, 41 N. Y. 581; *Wheeler* v. *Warner*, 47 id. 519.) Within the principle of the general rule which requires a note payable on demand to be presented within a reasonable time in order to charge an indorser, and also within the rule laid down in *Merritt* v. *Todd*, establishing an exception to that rule, the delay in this case was such as to dishonor the paper.

There is nothing in the circumstances of the case or the situation of the parties indicating an expectation on the part of either that any considerable delay should occur in demanding payment of the note.    A reasonable time might elapse.    This is not to be defined by any general term, but no case has been found holding that three and a half years may elapse without discharging the indorser.    Many instances of the application of this rule are referred to in *Merritt* v. *Todd* (*supra*), and others in Parsons on Bills, vol. 1, p. 263, and it would be useless to again cite them.    Whether the time should be fixed after the analogy of bills payable at sight, as suggested in *Merritt* v. *Todd* (*supra*), or upon the circumstances of each case, it is not necessary to determine.    The plaintiffs must fail, however the question is answered, for there are repeated decisions (see cases cited in *Merritt* v. *Todd*, and Parsons, *supra*) to the effect that such a note is to be deemed past due in a much shorter time than the period allotted to this note.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur, except EARL, J., taking no part, and RAPALLO, J., absent.

Judgment reversed.