Norris, J.
This case comes into this court upon petition in error. On the 17th of January, 1898, the defendant in error, William Watts, executed to the plaintiff in error, his promissory note of that date, with a warrant of attorney in usual form attached. The promissory note reads, “On demand after date, we, or either of us promise to pay,?’ etc. The suhject for controversy is found in the words “On demand after date”. The note fixed the place of its payment “at the store of William Watts,” in this county.
Upon the delivery of this note, and on the day of its date, by virtue of the warrant of attorney to confess judgment, the plaintiff proceded in the court of common pleas of this •county, to reduce the note to judgment. At the same term •of the court, upon motion of the defendant, the judgment so .given on the note, was vacated and set aside; the execution which had issued upon the judgment, was ordered by the •court to be returned, and all property held by levy thereunder, was ordered released.
The essential objection to the judgment is, that it was taken before the note had by its terms become due. The proceedings of the court vacating and setting aside this judgment, are sought to be reversed.
The errors assigned are: Error in sustaining defendant’s motion to vacate and set aside the judgment. Error in •ordering the sheriff to return his executioon, and error in •ordering the release and surrender of the property held in levy under said writ.
This case depends upon how the words “on demand after date” are to be construed, and what meaning they import when used in a promise to pay.
When a contract is worded “to pay on demand”, the ■courts construe the instrument to be due upon delivery. It is due at its date; it commences to draw interest at its date, *647 and the statute of limitation commences to run against it at its date.
A promissory note, payable “on demand after date”, has been held, not an instrument to pay money on time, but to be a written promise due at its date; and interest commences to run, and the statute of limitation commences to run at its date. And it is held that in reckoning the interest, or' the running of the statute,the day of its date is to included.
That this is the law, there can be no doubt; and perhaps hidden somewhere in the mind of the jurist, is a reason for it, which in my researches I have not yet been able to find. I have promised myself that sometime, when dockets were lighter, to either discover, or try to forge out a tangible reason which would brush away, at least to my own satisfaction, the fiction upon which this construction seems to rest. (Sufficient is it however to say, that a note payable “on demand after date”, is due at its date; it is mature when it is executed; interest runs on it, and the statute of limitation begins to run against it, before the ink is dry. Such appears to be one of the rules of the law merchant affirmed by the construction of the courts.
The commencement of a suit is sufficient demand, and when a promissory note payable “on demand after date” is delivered, the payee may at once place it in action, which action shall be his demand.
Something is claimed, because the note reads, “promise to pay at my store”, and that these words fix the place of presentation and demand. These words are not construed to be restrictive, as between the payee and the maker of a note, and as between the payee and the maker, do not of themselves imply their performance necessary to charge the maker; so as between the payee and the maker, these words are no more than so much blank space.
The authorities, which warrant this opinion, may be found in 17 Ohio, 9; 9 Ohio St., 517; 35 Ohio St., 343; *648 182 Mass., 338; 146 Mass., 118, (also to be found in N. E. R., 87); 22 Pacific Reporter, 876 (California case); 88 N. Y., 343; 3 Randolph Commercial Paper, 1040; 2 Daniels on Negotiable Instruments, 89, 110, which are furnished to the court in counsels briefs.
Homer P. Sewell, and Gable & Parmenter, for Plaintiff in Error.
D. G. Henderson, for Defendant in Error.-
As the case addresses itself to us, vacating and setting aside the judgment, and releasing the levy was error. The proceedings of the court below in setting aside the judgment, will therefore be reversed at the costs of the defendant in error; and the motion to vacate and set aside the judgment is overruled; and the case is remanded to the court of common pleas for execution