Judgment reversed, new trial ordered, costs to appellant to abide event.

———————————

HENRY W. HARDON, as Assignee of THOMAS W. ROBERTSON, for the Benefit of Creditors, Appellant, Impleaded with WILLIAM J. O'BRIEN, as Sheriff of the County of New York, *v.* WILLIAM P. DIXON and GEORGE B. HOPKINS, Respondents.

*Statute of Limitations — where a note is payable "on demand after date" the statute begins to run the day after its date.*

An action brought February 16, 1899, to recover upon a promissory note dated February 16, 1893, payable "on demand after date, * * * with interest at 3% per annum," is not barred by the Statute of Limitations, *first*, because the note did not become due or payable until the day after its date; and, *second*, because if the note did mature on the day of its date the makers had all of that day in which to make payment and the cause of action did not accrue until the next day.

PATTERSON and INGRAHAM, JJ., dissented.

APPEAL by the plaintiff, Henry W. Hardon, as assignee of Thomas W. Robertson, for the benefit of creditors, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 14th day of May, 1902,

upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Treadwell Cleveland,* for the appellant.

*Jabish Holmes, Jr.,* for the respondents.

LAUGHLIN, J. :

The complaint sets forth three causes of action on promissory notes against the defendants as makers. The defendants plead, among other things, the Statute of Limitations. The plaintiffs were nonsuited at the close of their evidence. The only question presented on the appeal is, whether the Statute of Limitations has run against the note on which the third cause of action is based. This note, omitting the signatures of the makers, is as follows :

" $ ———.                    N. Y., *Feb.* 16*th,* 1893.

" On demand, after date, we promise to pay to the order of Ongley Electric Co. twelve thousand five hundred dollars, at 1 Broadway, New York, with interest at 3% per annum."

The action was commenced on the 16th day of February, 1899. The precise question is whether the Statute of Limitations commenced to run *on the date* of this note. If so, the action is barred (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54); otherwise not.

We think that the Statute of Limitations had not run against this note and that the judgment must be reversed for two reasons : *First.* By the express terms of the note it did not become due or payable until the day after its date. Some force and effect should be given to the words " after date." In the case of *Crim* v. *Starkweather* (88 N. Y. 339) the Court of Appeals say that a note payable " on demand after date,   *   *   *   with interest at the rate of ten per cent per annum after maturity," does not become due until the day following its date. That was an action against an indorser, and the question under consideration was whether payment of the note had been seasonably demanded and notice of dishonor given to the indorser, and, doubtless, owing to the great delay, it was not absolutely necessary for the court to decide the precise day of maturity, but it tends to support what we deem the proper construction of the contract. It will be observed that that note drew interest only after maturity. It was held that the note did not and could

not mature until the day after its date. This ruling was, as we understand it, based upon the presence in the note of the words " after date." It is stated in the opinion that the only effect of the words " with interest at the rate of ten per cent per annum after maturity," was to fix the rate of interest, because it would draw interest after maturity without such a clause.

*Second.* Even if the note did mature on the day of its date, the makers had all of that day in which to make payment, and the plaintiff's cause of action did not accrue until the next day. (*Continental National Bank* v. *Townsend,* 87 N. Y. 8, and cases cited.) Of course, the Statute of Limitations could not commence to run before the cause of action accrued. There are many opinions in the courts of our State in which it is stated that a cause of action accrues and the Statute of Limitations commences to run " from " or " at," and one (*Bartholomew* v. *Seaman,* 25 Hun, 619) " on " the date of a demand note ; but in none was this essential to the decision, for the Statute of Limitations had run in every instance, whether the cause of action accrued on the date of the note or on the day after its date.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and HATCH, J., concurred ; PATTERSON and INGRAHAM, JJ., dissented.

PATTERSON, J. (dissenting) :

This action was brought upon three promissory notes made by the defendants to the order of the Ongley Electric Company. They were for $12,500 each, with interest at three per cent per annum. One was dated December 19, 1892, another January 17, 1893, and the third was dated February 16, 1893. The first and second notes were drawn payable " on demand." The third was drawn payable " On demand, after date." They were not indorsed, but if an action is maintainable upon them at all, the right of the plaintiff to sue is not questioned on this appeal. On the trial the complaint was dismissed as to all of the notes, on the ground that the right of action was barred by the Statute of Limitations. The plaintiff acquiesces in that disposition of the case as to the first and second notes, but contends that the ruling of the trial court was erroneous as to the third note. The action was begun on the 16th of February,

1899. The defendant insists that on that day the Statute of Limitations had run against this note; that the words " after date," following the words " on demand," did not vary those preceding words, and that the legal construction to be given to the note is precisely the same as if these words " after date " did not appear in the instrument.

It is not controverted that as to a note payable on demand the Statute of Limitations commences to run in favor of the maker at its date, and that the expiration of six years from such date constitutes a bar to an action thereon. (*Shutts* v. *Fingar*, 100 N. Y. 542; *Herrick* v. *Woolverton*, 41 id. 581; *Wheeler* v. *Warner*, 47 id. 519; *Parker* v. *Stroud*, 98 id. 379.) That the note draws interest does not seem to vary the rule. (*Norton* v. *Ellam*, 2 M. & W. 463; *Wheeler* v. *Warner, supra*; *Mills* v. *Davis*, 113 N. Y. 243.) The authorities hold that a note payable on demand after date has the same legal effect as one made simply payable on demand. (*O'Neil* v. *Magner*, 81 Cal. 631; *Fenno* v. *Gay*, 146 Mass. 118; *Hitchings* v. *Edmands*, 132 id. 338.) That is stated as the law in Daniel on Negotiable Instruments (4th ed. § 1215). In section 89 of that work the writer also says : " A note payable  *   *   *  on demand after date  *   *   *  is not distinguishable from one payable on demand."

It is claimed, however, by the appellant that that rule does not apply in the State of New York, but that a contrary doctrine has been announced in *Crim* v. *Starkweather* (88 N. Y. 339). That was an action against the indorser of a promissory note payable " on demand after date " at a specified place, " with interest  *   *   * after maturity." The note was indorsed and transferred by the payee on the day of its date. The subject of the application of the Statute of Limitations in a suit *against the maker* of the note was not involved, and was neither discussed nor adverted to, nor were any of the authorities on that subject mentioned. It was regarded as a case falling " within the principle of the general rule which requires a note payable on demand to be presented within a reasonable time in *order to charge an indorser*." It is not to be denied that there are expressions in the opinion in that case which, considered without regard to the real question there involved, would give support to the contention of the present appellant; but I do not think it is

controlling as an authority that all promissory notes payable " on demand after date" become time, instead of demand notes.

The judgment should be affirmed, with costs.

INGRAHAM, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.