### HARDON et al. v. DIXON et al.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. LIMITATIONS—NOTES—DEMAND AFTER DATE.
    Where a note is payable on demand, "after date," limitations do not commence to run until the day after date.
    Patterson and Ingraham, JJ., dissenting.

Appeal from trial term, New York county.

Action by Henry W. Hardon, as assignor, etc., of Thomas W. Robertson, against William P. Dixon and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Treadwell Cleveland, for appellant.
Jabish Holmes, Jr., for respondents.

LAUGHLIN, J. The complaint sets forth three causes of action on promissory notes against the defendants, as makers. The defendants pleaded, among other things, the statute of limitations. The plaintiffs were nonsuited at the close of their evidence. The only question presented on the appeal is whether the statute of limitations has run against the note on which the third cause of action is based. This note, omitting the signatures of the makers, is as follows:

"$————.                                        N. Y., Feb. 16th, 1893.
    "On demand after date we promise to pay to the order of Ongley Electric Co. twelve thousand five hundred dollars at 1 Broadway, New York, with interest at 3% per annum."

The action was commenced on the 16th day of February, 1899. The precise question is whether the statute of limitations commenced to run on the date of this note. If so, the action is barred (Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57 N. E. 168); otherwise not. We think that the statute of limitations had not run against this note, and that the judgment must be reversed, for two reasons.

1. By the express terms of the note, it did not become due or payable until the day after its date. Some force and effect should be given to the words "after date." In the case of Crim v. Starkweather, 88 N. Y. 339, 42 Am. Rep. 250, the court of appeals say that a note payable "on demand after date, with interest at the rate of ten per centum per annum after maturity," does not become due until the day following its date. That was an action against an indorser, and the question under consideration was whether payment of the note had been seasonably demanded, and notice of dishonor given to the indorser; and doubtless, owing to the great delay, it was not absolutely necessary for the court to decide the precise day of maturity, but it tends to support what we deem the proper construction of the contract. It will be observed that that note drew interest only after maturity. It was held that the note did not and could not mature until the day after its date. This ruling was, as we understand it, based upon the presence in the note of the words "after date." It is stated in the opinion that the only effect of the words "with interest at the rate of ten per centum per annum after maturity" was to fix the rate of interest, because it would draw interest after maturity without such a clause.

2. Even if the note did mature on the day of its date, the makers have all of that day in which to make payment, and the plaintiff's cause of action did not accrue until the next day. Bank v. Townsend, 87 N. Y. 8, and cases cited. Of course, the statute of limitations could not commence to run before the cause of action accrued. There are many opinions in the courts of our state in which it is stated that a cause of action accrues, and the statute of limitations commences to run, "from" or "at," and one (Bartholomew v. Seaman, 25 Hun, 619) "on," the date of a demand note; but in none was this essential to the decision; for the statute of limitations had run in every instance, whether the cause of action accrued on the date of the note, or on the day after its date.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and HATCH, J., concur.

PATTERSON, J. (dissenting). This action was brought upon three promissory notes made by the defendants to the order of the Ongley Electric Company. They were for $12,500 each, with interest at 3 per cent. per annum. One was dated December 19, 1892, another January 17, 1893, and the third was dated February 16, 1893. The first and second notes were drawn payable "on demand." The third was drawn payable "on demand after date." They were not indorsed, but, if an action is maintainable upon them at all, the right of the plaintiff to sue is not questioned on this appeal. On the trial the complaint was dismissed as to all of the notes on the ground that the right of action was barred by the statute of limitations. The plaintiff acquiesces in that disposition of the case as to the first and second notes, but contends that the ruling of the trial court was erroneous as to the third note. The action was begun on the

16th of February, 1899. The defendants insist that on that day the statute of limitations had run against this note; that the words "after date," following the words, "on demand," did not vary those preceding words; and that the legal construction to be given to the note is precisely the same as if those words, "after date," did not appear in the instrument. It is not controverted that, as to a note payable on demand, the statute of limitations commences to run in favor of the maker at its date, and that the expiration of six years from such date constitutes a bar to an action thereon. Shutts v. Fingar, 100 N. Y. 542, 3 N. E. 588, 53 Am. Rep. 231; Herrick v. Wolverton, 41 N. Y. 581, 1 Am. St. Rep. 461; Wheeler v. Warner, 47 N. Y. 519, 7 Am. Rep. 478; Parker v. Stroud, 98 N. Y. 379, 50 Am. Rep. 685. That the note draws interest does not seem to vary the rule. Norton v. Ellam, 2 Mees. & W. 463; Wheeler v. Warner, supra; Mills v. Davis, 113 N. Y. 243, 21 N. E. 68, 3 L. R. A. 394. The authorities hold that a note payable on demand after date has the same legal effect as one made simply payable on demand. O'Neil v. Magner, 81 Cal. 631, 22 Pac. 876, 15 Am. St. Rep. 88; Fenno v. Gay, 146 Mass. 118, 15 N. E. 87; Hitchings v. Edmands, 132 Mass. 338. That is stated as the law in Daniel, Neg. Inst. (4th Ed.) § 1215. In section 89 of that work the writer also says, "A note payable on demand after date is not distinguishable from payable on demand." It is claimed, however, by the appellant, that that rule does not apply in the state of New York, but that a contrary doctrine has been announced in Crim v. Starkweather, 88 N. Y. 339, 42 Am. Rep. 250. That was an action against the indorser of a promissory note, payable "on demand after date," at a specified place, "with interest after maturity." The note was indorsed and transferred by the payee on the day of its date. The subject of the application of the statute of limitations in a suit against the maker of the note was not involved, and was neither discussed nor adverted to, nor were any of the authorities on that subject mentioned. It was regarded as a case falling "within the principle of the general rule which requires a note payable on demand to be presented within a reasonable time in order to charge an indorser." It is not to be denied that there are expressions in the opinion in that case which, considered without regard to the real question there involved, would give support to the contention of the present appellant; but I do not think it is controlling as an authority that all promissory notes payable "on demand after date" become time, instead of demand, notes.

The judgment should be affirmed, with costs.

INGRAHAM, J., concurs.