### 3419. JOWERS v. HIGH POINT FURNITURE CO.

1. Ordinarily, only those standing in the relation of creditors at the time of the transfer can attack a transfer of property, on the ground that it was made to hinder, delay, or defraud creditors. If subsequent creditors desire to attack the transfer on that ground, they must show that at the time they extended credit they had no notice of the transfer, and that they were, by some fraud, actual or constructive, induced to extend credit on faith of the ownership of the property. *First Natl. Bank* v. *Bayless*, 96 *Ga.* 684 (23 S. E. 851); *Sims* v. *Albea*, 72 *Ga.* 751; *Horn* v. *Ross*, 20 *Ga.* 210 (3), (65 Am. Dec. 621); *Hagerman* v. *Buchanan*, 45 N. J. Eq. 292 (17 Atl. 946, 14 Am. St. Rep. 732, and monographic note appended thereto).
2. A sale of property, if otherwise bona fide made, is not void as to a pre-existing creditor of the vendor merely because he retains the possession after the sale.

DECIDED JANUARY 15, 1912.

Levy and claim; from city court of Fitzgerald—Judge Wall. March 16, 1911.

*Haygood & Cutts,* for plaintiff in error

*McDonald & Grantham,* contra.

POWELL, J. This is a claim case. The plaintiff in fi. fa. attacked the validity of a sale of the property in dispute by the defendant in fi. fa. to the claimant. The time of the creation of the plaintiff's debt does not appear. If it came into existence after the time of the sale, the judgment in the plaintiff's favor must be reversed, because the charge of the court in certain particulars complained of was contrary to the principle stated in the first headnote above. If it was pre-existing at the time of the sale, the court should not have given the following instruction: "If you should find that T. M. Parsons [the defendant in fi. fa.] ever owned the personal property levied on, and if you find that he afterwards sold it, but he remained in possession of the property, and the plaintiff in fi. fa. had no actual notice of the sale, but relied upon Parsons' possession, then, if you find these facts to exist, you would be authorized to find the property subject." It is to be noticed that this instruction omits all reference to the element of fraud, or intention to hinder or delay the creditor, in the absence of which the sale might be valid as against the pre-existing creditor, notwithstanding the vendor retained the physical possession or custody of the property. *Judgment reversed.*