28992. HARRIS, executrix, *v.* STRIBLING.

DECIDED NOVEMBER 22, 1941. REHEARING DENIED DECEMBER 5, 1941.

*Harry S. Strozier, Pearl D. Burnette,* for plaintiff.
*Charles G. Bruce,* for defendant.

STEPHENS, P. J. On November 19, 1940, Mrs. J. A. Harris, as executrix of the will of J. A. Harris, brought suit against J. D. Stribling on a promissory note executed under seal, dated November 19, 1920, payable "on demand after date" to J. A. Harris, in the sum of $1472.90 with interest from date at 8 per cent. per annum, and signed "Harris-Stribling Sales Co., L. S., by J. D. Stribling, L. S." A copy of this note is attached to the petition and made a part thereof. The petition alleged that the note is unpaid and that the plaintiff has repeatedly demanded payment, which the defendant has failed and refused to make. The plaintiff prays for judgment in the principal sum sued for with interest at 8 per cent. from the date of the execution of the note. The plaintiff amended her petition by alleging that the defendant is personally liable to the plaintiff by reason of the fact that there is not now and was not at the time the note was executed any such person, corporation, or other legal entity as Harris-Stribling Sales Company, such company being nonexistent on November 19, 1920, the date of the execution of the note sued on.

The defendant demurred to the petition on the ground that it sets forth no cause of action against the defendant individually, and also on the ground that it appears that the suit is barred by the statute of limitations. The court overruled ground 1 of the demurrer, which alleged that the petition failed to set out a cause of action against the defendant, and sustained ground 2 and dismissed the action holding that the suit was barred by the statute of limitations as having been filed more than twenty years after the cause of action accrued, for the reason that a demand note is due immediately, and the statute began to run from the date of the execution of the note, November 19, 1920, and that suit was not filed until November 19, 1940. The plaintiff excepted.

The note sued on was executed November 19, 1920 under seal, and recited that it was payable "on demand after date." "Actions upon bonds or other instruments under seal shall be brought within twenty years after the right of action shall have accrued." Code, § 3-703. The provisions of this section are applicable to a promissory note executed under the seal of the maker. *Bonner* v. *Metcalf*, 58 *Ga.* 236. The present suit was instituted on November 19, 1940. The judge sustained a general demurrer and dismissed the petition on the ground that it appeared that the suit

was barred by the statute of limitations. The question for decision is when did the right of action accrue? If the right of action accrued on November 19, 1920, the suit was not "brought within twenty years after the right of action shall have accrued." On the other hand, if the right of action accrued on November 20, 1920, or on any day thereafter, the present suit was "brought within 20 years after the right of action shall have accrued."

Whether or not the note, which was payable "on demand after date, . . with interest from date," matured on the day of its execution or on the next day, on which question there are authorities pro and con (Hardon v. Dixon, 77 App. Div. 241, 78 N. Y. Supp. 1061; Crim v. Starkweather, 88 N. Y. 339, 42 Am. R. 250; Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, and cit.; 44 A. L. R. 397, note), the maker had all of that day on which it matured in which to make payment, and the cause of action did not accrue until the next day, November 20, 1920. Bank v. Townsend, 87 N. Y. 8, and cit.; Hardon v. Dixon, supra. Of course, the statute of limitations could not commence to run before the cause of action accrued. It has been held that in an action on a promissory note payable on demand the day of the date is to be excluded in reckoning the period named in the statute of limitations. Seward v. Hayden, 150 Mass. 158 (22 N. E. 629, 5 L. R. A. 844, 15 Am. St. R. 183) ; Cornell v. Moulton, 3 Den. (N. Y.) 12; 44 A. L. R. 401. In *Blitch* v. *Brewer,* 83 *Ga.* 333 (9 S. E. 837), the Supreme Court held: "Under a statute which declares that all actions upon promissory notes, bills of exchange or simple contracts shall be brought within six years after the same became due and payable, the creditor, as a general rule, has six years exclusive of the day of maturity to bring the action. Hence a promissory note made payable generally on or before the 15th day of October, 1880, is not barred on the 15th of October, 1886, but an action brought on the latter day is in time." In the opinion which was written by Chief Justice Bleckley it was stated: "We think there can be no doubt that the legislature intended to give six full years during which the action might be brought. Could it, without demand for payment and refusal, have been brought on the day the note became due? We think not, at least not within business hours, and surely the statute would not begin to run after such hours until the next day." The text in 3 Randolph on

Commercial Paper, § 1037 is: "The day of maturity is also to be excluded in reckoning the period for the running of the statute of limitations on a bill or note." In 2 Am. & Eng. Enc. L. 396, it was stated that a suit on a promissory note begun on the day of payment was premature, and that "for the same reason the statute of limitations does not begin to run until the day after the date of payment." The above rule was recognized and applied in *Raefle* v. *Moore,* 58 *Ga.* 94 (3), where the Supreme Court held: "A note payable one day after date becomes due on the day after it was made and can not be sued until the day following."

It is our opinion that, conceding without holding that the note in this case was due and payable on the day of its date, November 19, 1920, the maker of the note had all of that day in which to pay the note, and therefore could not have been sued on such note until the next day. It follows that the plaintiff's cause of action on this note arising out of the defendant's failure to pay the note as he had obligated himself to do, did not accrue before the day following the day of the note's date, and the statute of limitations could not commence to run before the cause of action accrued. The ruling in this case is not contrary to that in *Williams* v. *Cumberland Fertilizer Co.,* 18 *Ga. App.* 558 (89 S. E. 1091), to the effect that an action may be begun on a promissory note on the day it is due and payable if demand for payment be made and refused on that day. See also 2 Parsons, Notes & Bills, 460, 461; 2 Daniel Negotiable Instruments §§ 1208, 1209. As in *Blitch* v. *Brewer,* supra, there was in the case at bar no averment of demand for payment on the day the note was payable. Applying the above principles, the action was not barred by the statute of limitations.

The note sued on is signed "Harris-Stribling Sales Co., L. S., by J. D. Stribling, L. S." It is alleged that at the time of the execution of the note there was no such person, corporation or other legal entity as "Harris-Stribling Sales Company," and that J. D. Stribling is personally liable on the note. The note, on its face, purports to have been signed by J. D. Stribling. He signed it "Harris-Stribling Sales Co.," by himself, "J. D. Stribling." If "Harris-Stribling Sales Co." is not a person or corporation or other legal entity it is a purely fictitious name, and the note being signed by J. D. Stribling as such constitutes his individual obligation.

The petition set out a cause of action. The court erred in sustaining the demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*