58150. PEACHTREE BANK & TRUST COMPANY v. ATHA et al.

SHULMAN, Judge.
Plaintiff-creditor brought suit to cancel and render null and void a deed to real estate from defendant-husband to his wife (also a defendant) as a fraudulent conveyance under Code Ann. § 28-201 (2). The court entered a directed verdict on behalf of defendants-appellees on the grounds that plaintiff had renewed defendant-husband's note of indebtedness subsequent to its notice of the defendant-husband's deed of conveyance to his wife. On appeal, we affirm.

The undisputed evidence produced by plaintiff itself

showed that plaintiff had knowledge of defendant-husband's conveyance of the real estate to his wife, *prior* to the time plaintiff renewed defendant's loan. It is clear, then, that plaintiff did not rely on defendant-husband's ownership of the real estate in issue when it subsequently extended him credit. Compare *Gentry v. Cowan, McClung & Co.*, 66 Ga. 720; *Gormley v. Askew,* 177 Ga. 554 (170 SE 674). This being so, the plaintiff, as a subsequent creditor with notice, could not void the conveyance under § 28-201 (2). *Jowers v. High Point Furn. Co.,* 10 Ga. App. 297 (1) (73 SE 415). The court properly directed the verdict on behalf of the defendants.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 2, 1979 — DECIDED OCTOBER 1, 1979.

*Davies Owens, Catherine G. Lynch,* for appellant.
*Thomas G. Crichton,* for appellees.