## A01A0373. SPARAGON v. STATE OF GEORGIA.
### (548 SE2d 118)

MILLER, Judge.

In March 2000, Judd A. Sparagon commenced this contract action, seeking to recover on a Uniform Series Gold Bond approved on October 17, 1870, whereby the State of Georgia acknowledged itself indebted to the bearer in the sum of $1,000, which sum it promised to repay on demand, on the first day of December 1894, with interest payable at seven percent.[1] The State admitted that it refused Sparagon's 1995 demand for payment and moved to dismiss solely upon the statute of limitation applicable to bonds and other instruments under seal. The trial court concluded that any right of action to recover the debt represented by the bond accrued on December 2, 1894, and granted the State's motion to dismiss.

On appeal, Sparagon argues the applicable statute of limitation was not triggered until he made his 1995 demand for payment as the bearer and so the instant action is timely. We affirm the dismissal because the claim is untimely.

1. In Georgia, "[a]ctions upon bonds or other instruments under seal shall be brought within 20 years after the right of action has accrued. No instrument shall be considered under seal unless so recited in the body of the instrument."[2] The gold bond at issue recites that it is attested to under the Seal of the State of Georgia, and so the trial court correctly concluded that the applicable limitation period is that for instruments under seal, namely, 20 years "after the right of action has accrued," under OCGA § 9-3-23.[3]

2. Relying on *Smith v. Early,*[4] Sparagon urges that, unlike with

---

[1] "This type of bond existed until 1933, when the U. S. monetary system abandoned the gold standard." Black's Law Dictionary (7th ed. 1999), p. 173.

[2] OCGA § 9-3-23.

[3] See *Hixon v. Woodall,* 246 Ga. 758, 759 (272 SE2d 727) (1980).

[4] 60 Ga. App. 506, 511 (3 SE2d 913) (1939) (where parties do not stipulate a fixed time for payment but agree that money is payable only upon a demand in fact therefor, the stat-

ordinary promissory notes governed by OCGA § 11-3-118 (b), an actual demand for payment and subsequent refusal to pay are necessary to start the limitation period against the State bond payable "on demand." He reasons that no right of action accrues until a breach of the contractual obligation occurs and argues that no breach occurred until the State refused his demand in 1995. We disagree.

*Smith v. Early* involved an unwritten agreement whereby money was advanced and invested in a business, and it was not contemplated by the parties that the money "would be repaid at any specific time, or that a demand for repayment . . . would be made until some indefinite time in the future. . . ."[5] Thus, because of those two factors evincing the intent of the parties (no express maturity date *and* the mutual expectation that any demand for repayment would be deferred indefinitely), this Court ruled that the limitation period did not run until an actual demand for payment was made.[6] Whatever continuing vitality exists for the rule applied in *Smith v. Early*,[7] that rule is not applicable here.

This gold bond is a written debt instrument with an express maturity date of December 1, 1894. "The Statute of Limitation[ ] was not enacted to protect persons from claims, fictitious in their origin, but from ancient claims, whether well or ill founded. . . ."[8] The applicable statute of limitation begins to run on any given claim on the date the claim accrues — in other words, on the date that suit on the claim can first be brought to a successful result.[9] As to when the right accrues, we discern no meaningful distinction between a bond on the one hand and a promissory note under seal on the other hand. A "bond" is a sealed writing[10] containing an obligation to "pay a fixed sum of money, at a definite time, with a stated interest. . . ."[11] A "promissory note" is the maker's unconditional written promise to pay a sum certain to the bearer or a designated person.[12]

The Supreme Court of Georgia has previously used the maturity date of debt instruments under seal as the commencing point for when a right of action accrues for purposes of the 20-year statute of limitation.[13] This is because the promise to repay the debt was

---

ute of limitation does not begin to run until an actual demand).

[5] (Punctuation omitted.) Id. at 507.

[6] Id. at 511 (on motion for rehearing).

[7] See *Johnson v. Hodge*, 223 Ga. App. 227, 229 (1) (477 SE2d 385) (1996).

[8] (Citation and punctuation omitted.) *Dickinson v. McCamy*, 5 Ga. 486, 488 (2) (1848).

[9] *Hoffman v. Ins. Co. of North America*, 241 Ga. 328, 329 (245 SE2d 287) (1978).

[10] Black's Law Dictionary, supra, p. 169 (1).

[11] (Citation and punctuation omitted.) Id. at 169 (2).

[12] Id. at 1086.

[13] *Bonner v. Metcalf*, 58 Ga. 236, hn. 1 (1877) (promissory note); *Stansell v. Corley*, 81 Ga. 453, 457 (2) (8 SE 868) (1888) (acknowledgment of debt under seal); *Elrod v. Bagley*, 150 Ga. 329, 332 (3) (103 SE 841) (1920) (promissory note). Compare *Persons v. Dallas*, 178 Ga.

enforceable either by suit or demand after the maturity date.[14] In our view, no actual demand and subsequent refusal were required in order to accrue the right of action on a matured debt instrument. To hold otherwise would only reward the lassitude of the bearer. Thus, all other things being equal,[15] the bearer of this gold bond could have successfully sued for repayment starting on the day after maturity. The trial court correctly concluded that the OCGA § 9-3-23 twenty-year limitation period started to run on December 2, 1894, and so ended no later than December 2, 1914. It follows that Sparagon's claim initiated in March 2000 is untimely and that the trial court correctly dismissed the action.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 30, 2001.

*Robert H. Putnam, Jr.,* for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Warren R. Calvert, Senior Assistant Attorney General, Anthony J. Musto, Assistant Attorney General,* for appellee.

---

778, hn. 1 (174 SE 699) (1934) (in deed under seal where grantee acknowledged debt, grantor's rights in action accrued upon delivery and acceptance of deed).

[14] *Harris v. Stribling*, 66 Ga. App. 321, 323-324 (17 SE2d 766) (1941). Accord *Blitch v. Brewer*, 83 Ga. 333, 335 (9 SE 837) (1889).

[15] We express no opinion whether the General Assembly's legislative repudiation of these Reconstruction Era bonds through Ga. L. 1875, pp. 24-28 and Ga. L. 1877, p. 24, codified into the Ga. Const. of 1877, Art. VII, Sec. XI, Par. I, is enforceable in light of Art. I, Sec. 10, Clause I of the U. S. Constitution ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts."), but only note that such an anticipatory breach would establish a cause of action. *McLeod v. McLatcher*, 201 Ga. App. 17, 19 (410 SE2d 144) (1991). In our view, that breach would start the running of the limitation period as early as 1877.