WILLIAM A. POUCHER, as Administrator, etc., Appellant, *v.* ROBERT C. SCOTT, as Executor, etc., Respondent.

The legal presumption arising from proof that a check payable to bearer was at a certain time the property of A., and the next day was in the possession and apparent ownership of B., in the absence of proof of any other and modifying facts, is that the check was voluntarily delivered by A., not as a loan, but in payment of a debt.

It is not a necessary legal presumption from such proof, that the transfer was direct from A. to B.

(Argued February 13, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made May 30, 1884, which affirmed a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 33 Hun, 223.)

This action was brought to recover $2,000 and interest, alleged to have been loaned by Robert F. Childs, plaintiff's testator, to Robert Scott, defendant's testator.

The answer was a general denial of the allegations of the complaint, and also set up various counter-claims substantially stated in the complaint.

Plaintiff's evidence was to the effect, and the referee substantially found that on June 5, 1874, Childs, having a deposit account in a savings bank, received from said bank two checks of $1,000, payable to bearer. These checks were the next day in the possession of Scott, who appropriated them to his own use,

and they were paid on presentation at the bank on which they were drawn. Childs died in March, 1875, at the house of Scott, where he had been living for over a year prior to his death. The referee found that this evidence failed to make out a cause of action, and so dismissed the complaint.

*Wm. Tiffany* for appellant. Plaintiff's testimony as to the means and circumstances of Robert F. Childs, deceased, and as to what assets came into his hands as administrator, was competent in rebuttal of the mere " legal presumption " that Childs owed Scott a debt, and the checks were given in payment thereof. (*Nichols* v. *Van Valkenburgh*, 15 Hun, 231 ; *Barlow* v. *Hubbell*, 1 Sup. Ct. [T. & C.] 235 ; *Waddell* v. *Elmendorf*, 10 N. Y. 177, 178 ; *Stevens* v. *Steward*, 11 Penn. 307 ; *Thorp* v. *Garwey*, 85 Ill. 611.) The referee erred in excluding the testimony of William A. Poucher, to conversations between him and Robert Scott, deceased, and to admissions of said Scott made to him. (Code of Civil Procedure, § 829 ; *Richardson* v. *Warner*, 13 Hun, 17.) An administrator is not a party in interest, but only a nominal party. He has no interest which would exclude him as a witness. (*Allis* v. *Stafford*, 14 Hun, 419 ; *Hall* v. *Richardson*, 22 id. 447 ; *Children's Aid Society* v. *Loveridge*, 70 N. Y. 387 ; *Will of Levy*, 1 Tuck. 87 ; *Pruyn* v. *Brinkerhoff*, 7 Abb. [N. S.] 400 ; *Champlin* v. *Seeber*, 56 How. Pr. 46 ; *Pearsall* v. *Elmer*, 5 Redf. 181.)

*D. P. Morehouse* for respondent. The payment of money or the delivery of a check is not presumptive evidence of the creation of an obligation, but is presumed to be in payment of a debt. (2 Greenleaf on Ev., § 112 ; *Koehler* v. *Adler*, 78 N. Y. 290 ; *Black* v. *White*, 42 N. Y. Super. [J. & S.] 446.) Mr. Poucher was a person interested in the event of the action, and therefore incompetent as a witness under section 829. (1 Greenl. on Ev., § 380 ; 1 Phillips on Ev. 81 ; *Butler* v. *Warren*, 11 Johns. 58 ; *Miller* v. *Montgomery*, 78 N. Y. 282 ; *Church* v. *Howard*, id. 415 ; *Allen* v. *Blanchard*, 9 Cow. 633 ; *Steele* v. *Waad*, 30 Hun, 555.)

FINCH, J. The referee was able to find from the evidence, that the two checks payable to bearer, and the money they represented, were, on the fifth of June, the property of Childs, and on the next day were in the possession and apparent ownership of Scott. There was no evidence showing the manner or consideration of this change of ownership. No proof warrants a finding that they passed directly from Childs to Scott, and upon some consideration moving between them. The most that can be said is that such transfer, in view of the brief interval between the ownership of one and the possession of the other, the intimacy of the parties, and the ability of the one combined with the need of the other, was somewhat more probable than that the transfer was made through other business channels, while nothing in the evidence excludes the latter possibility. But if that difficulty is not insuperable, another at once arises. If the transfer was direct, it proves not a loan, but a payment, in the absence of other and modifying facts. We cannot presume a fraud or a felony, and if the transfer was direct we must deem it a voluntary delivery, and in payment or discharge of an existing liability rather than as a loan. (*Koehler* v. *Adler*, 78 N. Y. 290.) That proposition is not denied, but the argument here is that there were modifying facts which fairly tended to rebut the legal presumption.

The answer of Scott, sworn to and served in his life-time, denied wholly the alleged loan or advance, and set up counter-claims for which judgment was asked. One of these was for medical services, stated in a bill of particulars furnished, and running back twenty years. Another was for board and lodging from December, 1874, to March of the next year. A third was for the payment of a note to one Alexander, one-half of which was the debt of Childs. And a fourth was a receipt by Childs of moneys upon a land contract, which moneys belonged to Scott. The argument is that these counter-claims indicate no other indebtedness of Childs. That they tend to the conclusion that there was no other unpaid or undischarged liability of Childs to Scott is quite true, but they fail utterly to show that there was not a debt of $2,000, which the checks discharged. So far as

the counter-claims pleaded go they indicate varied business relations and transactions between the two men, and advance us not a step toward the desired inference of no debt to which the checks could have been applied. On the whole case there was a clear failure of proof. There may have been adequate cause of suspicion, but no loan was proved.

We agree with the General Term that no error was committed in the rejection of evidence to which exceptions were taken.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.