CHARLES H. BUNN, Respondent, *v.* MARGARET M. LETT, Appellant.

*Contract — when a demand, before suit, of the amount claimed must be alleged and proved.*

Charles H. Bunn held a bond and mortgage upon a building, in process of construction, of Margaret M. Lett, who desired to raise more money. In order to aid her in accomplishing this Bunn agreed to surrender his bond and mortgage, allow a new mortgage to be given for $40,000, and himself take a subsequent one for $10,000. At the same time Bunn and Lett entered into an agreement to the effect that if, at the end of six months, Lett had not paid Bunn, he might sell the $10,000 bond and mortgage at a discount, not exceeding ten per cent, in addition to $100 for searching the title, if he found it necessary to do so, and that Lett would pay on demand the discount and the expense of searching the title.

The amount due Bunn not having been paid at the end of six months, Bunn sold the mortgage at a discount of ten per cent, and paid forty-seven dollars and fifty cents for the expense of searching the title.

In an action brought by Bunn against Lett to recover these sums:

*Held,* that as it was not certain that the mortgage would be sold at all by Bunn, and as it could not be determined at what price he would sell it, or what the cost of searching would be, it was necessary for him to allege and prove, before action, a demand of the amount which he claimed was due under the agreement.

APPEAL by the defendant Margaret M. Lett from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 19th day of October, 1891, upon a verdict for the plaintiff for $1,192.38 and costs, after a trial at the New York Circuit before the court and a jury; and also from an order of said court, entered in said clerk's office on the 12th day of November, 1891, denying a motion for a new trial made upon the usual grounds.

*George W. Wilson,* for the appellant.

*George W. McAdam,* for the respondent.

O'BRIEN, J.:

The number of frivolous and untenable objections raised upon this appeal for the purpose of overturning the judgment, clearly indicate to us, as they did, undoubtedly, to the learned trial judge, that the defenses interposed were without merit and the object sought delay. We regret, under these circumstances, to be obliged to interfere with the judgment. But one question is presented which, though to some extent technical, can be made available in obtaining a further delay, which, apparently, is the object sought by the defendant.

From the facts it appears that the defendant owned the premises on the corner of Rutgers slip and Cherry street. Plaintiff was a builder and had a contract for the erection of a building on the premises, with a bond and mortgage to secure the payment for the work and material to be done and furnished. In October, 1888, defendant was indebted to plaintiff in the sum of $34,407.25 and interest. The defendant desired a new loan of $40,000, and in order to get it it was necessary to have the plaintiff's mortgage taken off the record. As a consideration for the cancellation of such bond and mortgage, an agreement was entered into whereby the plaintiff agreed to surrender his bond and mortgage and take a new one for $10,000, subordinate to the prior one of $40,000, to be made by the defendant to some third person. Such agreement contained the following clause :

"At any time after the expiration of six months  *  *  *  in case the amount then due to said Bunn is unpaid, the said Bunn is to

negotiate a sale of said bond and mortgage at a discount not exceeding ten per cent and $100 dollars for searching title, if he finds it necessary so to do, which discount and expense is to be paid by said Lett on demand."

The testimony shows that defendant did not pay the $10,000 within the time agreed, and pursuant to agreement plaintiff sold the bond and mortgage for $1,000 less than its face, and allowed forty-seven dollars and fifty cents for examining title. It was to recover this amount of $1,047.50 that this action on the covenant was brought.

The claim made by the plaintiff was amply supported. The defendant sought to raise some question as to the good faith of the sale of the bond and mortgage, which it appears was made by plaintiff to his wife. But this upon the testimony was disposed of, there being no contradiction of the facts proven, that from her separate estate the wife advanced the money to purchase the bond and mortgage, and this after the defendant had been requested to procure a purchaser, and after efforts in other directions had proved unsuccessful. As stated, therefore, the plaintiff proved every fact which entitled him, in the absence of any testimony offered by the defendant, to the direction which was made by the court, with one single exception which may now be briefly referred to.

It will be noticed that in the covenant referred to, it was in effect, agreed that if Bunn should negotiate a sale of the bond and mortgage, should he find it necessary to do so, he had the right to allow a discount not exceeding ten per cent and $100 for searching the title; "which discount and expense is to be paid by said Lett on demand." There was no demand alleged in the complaint nor proven upon the trial. It is true that proof was furnished that a demand was made for the $10,000 mortgage debt, but there is no evidence that any demand was made after the sale of the bond and mortgage for the $1,047.50. Upon the close of plaintiff's testimony a motion was made to dismiss the complaint upon the express ground of the absence of such an allegation of demand in the complaint and proof upon the trial, which being overruled, an exception was taken.

The question, therefore, presented is, was a demand necessary to be alleged and proved? It is difficult to formulate a fixed rule for

determining when a demand is and when it is not necessary as a condition precedent to maintaining an action. In respect to all instruments or agreements for the payment of a specific sum at a particular place or upon demand, it has been held that the commencement of the suit is itself a sufficient demand; that in such cases a demand is not a condition precedent to a right of recovery. As stated in *Locklin* v. *Moore* (57 N. Y., 362), "The only benefit the defendant could get from the specification of the payment at a particular place is, that if he was ready there to pay and kept ready, he could set that fact up in his answer and then pay the money into court and allege such payment in his answer, and thus shield himself from all liability for interest and costs." This case states the rule as follows:

"It is the settled law of this State, announced in many decisions, that when a specific sum of money is made payable by the agreement of the parties upon demand, or at a specified time at a particular place as against the original debtor, no demand at the time or place prior to the commencement of the suit is necessary. The commencement of the suit is itself a sufficient demand." (*Locklin* v. *Moore*, 57 N. Y., 362; citing *Wolcott* v. *Van Santvoord*, 17 Johns., 248; *Caldwell* v. *Cassidy*, 8 Cow., 271; *Haxtum* v. *Bishop*, 3 Wend., 15; *Nelson* v. *Bostwick*, 5 Hill, 37; *Hills* v. *Place*, 48 N. Y., 520; *Watkins* v. *Crouch*, 5 Leigh, 522.)

Whilst, therefore, *Locklin* v. *Moore* (*supra*) is authority for the position that when a specified sum of money is made payable by agreement of the parties upon demand, at a specified time at a particular place, as against the debtor, no demand is necessary before suit brought, nor is it an essential part of plaintiff's cause of action; it is also true, as said further on in the opinion in that case, that "a contract could, doubtless, be so drawn that the demand and place of payment would become part of it so that an action could not be maintained without a demand at the place." We think that neither this case nor the others cited by the respondent go to the extent of holding that a demand, upon the facts here appearing, which was provided for by the agreement of the parties, was not a condition precedent to plaintiff's right to bring or recover in the action.

The necessity for a demand becomes apparent when we remember that this was not an agreement by which a specified sum was to be

paid at a particular time or place. The only definite part of the agreement was that the bond and mortgage were not to be sold until after the expiration of six months. It is true that some evidence to vary this clause of the agreement was introduced, but for the purposes of the question now before us it may be disregarded, and the discussion proceed upon the theory that the contract in relation to the sale of the bond and mortgage, as it appears in the agreement, remained in full force and effect. It was not to be sold at all unless it was necessary; and, though deemed by the plaintiff to be necessary, it was still left with him as to when, after the six months, he would sell the bond and mortgage, and upon what discount, and what amount he should allow for searching the title. It will thus be seen that until notice was given by the plaintiff to the defendant, she could not have known whether or not the bond and mortgage were sold, nor for what amount; therefore, the extent of her liability was information she could only be put in possession of after the plaintiff had proceeded and sold the bond and mortgage, thus liquidating the amount which, under the covenant, the defendant was to pay him by reason thereof.

As stated in the American and English Encyclopædia of Law (vol. 5, p. 527): "It is necessary that a demand be made upon the party who is bound to discharge the obligation or perform the contract, unless, indeed, such party has incapacitated himself to discharge the one or perform the other." And again (p. 528): "Whenever the fact by which the defendant's liability is incurred lies peculiarly within the knowledge and the privity of the plaintiff, notice thereof must be given to the defendant."

Had it not been necessary for the plaintiff to sell the bond and mortgage nothing would have been due from the defendant, assuming that it was paid when, by its terms, the bond and mortgage became payable. In other words, no liability could arise until the plaintiff exercised his option and sold upon terms which should not include a loss to the defendant of more than $1,100; but how much less could only be ascertained when the plaintiff had sold the bond and mortgage and liquidated the amount. We think that, as no specified amount was to be paid, as no time or place for payment was fixed, under such a contract when the parties themselves agree that it shall not be payable until after a demand, such circumstances

create an obligation and make it essential to support the cause of action, that a demand should be alleged in the complaint and proved upon the trial.

We are of opinion, therefore, that the failure to allege and prove such demand was fatal to plaintiff's right to a recovery, and that the judgment, solely upon that ground, must be reversed and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

