CHARLES J. OAKS, Appellant, *v.* NICHOLAS B. TAYLOR, Respondent.

*Contract for the sale of stock containing a promise by the vendor to buy it back at the option of the vendee — when the Statute of Limitations begins to run.*

A contract, entered into upon the sale of certain stock, containing the following provision: " The sale of this stock is subject to the following conditions and restrictions, that is to say, should the said Charles J. Oaks (the vendee), his heirs or executors, wish or desire me (the vendor) at any time to buy and take back the before-mentioned two hundred shares of the stock of the Taylor Brewing and Malting Co. I hereby promise and bind myself, my executors and administrators,

to do so, paying the said Charles J. Oaks, his heirs or executors, therefor twenty thousand dollars in U. S. currency," etc., entitles the said Charles J. Oaks to a reasonable time within which to exercise the option given to him, and the Statute of Limitations does not begin to run from the date of the contract.

APPEAL by the plaintiff, Charles J. Oaks, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 13th day of November, 1897, upon a nonsuit granted by the court after a trial at the Albany Trial Term.

The action was to recover $20,000 and interest thereon upon the following contract :

"In consideration of the sum of twenty thousand dollars in U. S. currency paid to me by Charles J. Oaks, I, N. B. Taylor, of the city of Albany, have sold, transferred and delivered to the said Charles J. Oaks, two hundred shares of the stock of the Taylor Brewing and Malting Company of Albany. The sale of this stock is subject to the following conditions and restrictions, that is to say, should the said Charles J. Oaks, his heirs or executors, *wish* or desire me *at any time* to buy and *take back* the before mentioned two hundred shares of the stock of the Taylor Brewing and Malting Co., I hereby *promise* and bind myself, my executors and administrators, to do so, paying the said Charles J. Oaks, his heirs or executors, therefor twenty thousand dollars in U. S. currency, together with legal interest, should a dividend or dividends have been paid on the said stock, interest is to be computed and paid from date of last dividend to date of purchase by me of said stock.

"ALBANY, N. Y., *November 22nd*, 1887.

"N. B. TAYLOR."

The defendant had, a few days before, delivered the certificates of stock to the plaintiff; the plaintiff paid him therefor upon the receipt of the above contract.

July 1, 1891, the plaintiff having exercised his option that the defendant should " buy and take back " the stock, and pay him the $20,000 therefor, made demand of him to that effect. The defendant refused. After some subsequent correspondence and interviews upon the matter between the parties, and a formal tender by the plaintiff to the defendant of the certificates of stock and demand

of payment from him, and the defendant's refusal, this action was commenced April 19, 1895.

The answer, besides a general denial and other defenses, sets up the Statute of Limitations. The trial court held that the cause of action accrued upon the date of the contract, and, therefore, was barred by the six years' Statute of Limitations.

*Charles E. Patterson,* for the appellant.

*E. Countryman,* for the respondent.

LANDON, J.:

We think the Statute of Limitations did not begin to run from November 22, 1887, the date of the contract. Section 410 of the Code of Civil Procedure provides: " Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete." It is conceded that the case does not fall within any of the exceptions to the above section. The defendant's argument rests upon the assumption that since the plaintiff had the right to exercise his option at any time, therefore his right to make the demand was complete the instant the contract was made. But we think a distinction exists between the plaintiff's right to exercise his option, and the actual exercise of it; that the contract contemplates that he should have, at least, a reasonable time in which to exercise it; that until he should wish or desire the defendant to buy and take back the stock, his right of action did not arise or exist, and hence the condition precedent to the necessity for a demand did not exist. It would not be reasonable to hold that the right to make the demand was complete before the condition making it necessary had occurred.

The case is different from that of a promissory note payable upon demand, for there the promise of the maker to pay is absolute, and the right to make the demand of the maker is complete the instant the note is made. (*Mills* v. *Davis,* 113 N. Y. 243.) Here the promise to buy back and pay is not absolute, but conditioned upon the plaintiff's wish or desire, which may never exist. In the case of the indorser upon the same promissory note a right of action does not exist

180 PEOPLE ex rel. HYDRAULIC CO. *v.* ROBERTS.

THIRD DEPARTMENT, MAY TERM, 1898.　　　　　[Vol. 30.

against him until actual demand of the maker, and the Statute of Limitations does not begin to run until then. (*Shutts* v. *Fingar*, 100 N. Y. 539.) That is, his liability is not absolute, but conditional, and the condition may never exist. Thus the case of the indorser somewhat resembles the case before us. (See *Bunn* v. *Lett*, 65 Hun, 43; *King* v. *MacKellar*, 109 N. Y. 215.)

We need not decide whether the Statute of Limitations did not begin to run until July 1, 1891, the date upon which plaintiff made demand of the defendant that he buy and take back the stock. The trial court properly held, upon the request of the plaintiff, that the plaintiff had a reasonable time in which to exercise his option, but also held that that right had no application to the question of the Statute of Limitations. We think the latter holding was error. Whether the plaintiff delayed making the demand after his election within a reasonable time to exercise his option matured, or delayed for an unreasonable time to exercise his option, are questions not before us.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed and a new trial granted, costs to abide the event.