## OLDHAM v. PINCUS.

(Supreme Court, Appellate Term.  July 6, 1900.)

STATUTE OF FRAUDS—DEBT OF ANOTHER—AGREEMENT—CONSIDERATION—MEM-
ORANDUM—SUFFICIENCY.

Where a debtor of plaintiff was in the employ of defendant, a memo-
randum of agreement between plaintiff and defendant that defendant
should keep back a part of the debtor's wages and credit it to plaintiff—
no consideration to defendant being shown—was not sufficient to render
him liable for the debt.

Appeal from municipal court, borough of Manhattan.

Action by Edmund T. Oldham against Frederick S. Pincus.  From
a judgment in favor of defendant, plaintiff appeals.  Affirmed.

See 64 N. Y. Supp. 353.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Edmund T. Oldham, pro se.
Miller & Hartcorn, for respondent.

PER CURIAM.  The appellant had a claim for professional services
against one Drysdale, who was in the employ of the respondent.  In
January, 1900, the appellant called upon the respondent, and an
agreement was arrived at, which is set forth in the complaint.  The
allegation is that, in consideration of an agreement by appellant to
forbear taking any proceedings upon his claim against Drysdale which
would interfere with his employment by Pincus, the latter agreed with
appellant for the payment of the claim; the agreement being made, as
is said, with the approval of Drysdale.  Up to this point, as will be
seen, the complaint does not allege any agreement by the respondent
that he would pay the claim, but merely an agreement for the payment
of the claim; by whom it was to be paid not being specified.  The
complaint, however, goes on to state that the appellant himself pre-
pared and sent to respondent a letter, to be signed by him, reciting
the terms of the aforesaid agreement.  The appellant certainly cannot
claim that his verbal agreement with respondent was any more favor-
able to him than is disclosed by the letter which he himself wrote.
This letter, which was addressed to appellant, and intended to be
signed by respondent, read as follows:

"With the understanding that this firm is in no wise responsible for Mr.
Drysdale's indebtedness to you.  As Mr. Drysdale has consented to the ar-
rangement, we will, so long as he is employed by us, pay to you or your order
twenty dollars on the first day of each month, to be credited by you on ac-
count of your claim against him, and we will charge the same to Mr. Drysdale
monthly.  This arrangement is on the condition that if Mr. Drysdale will at
any time during the current month pay you one-half of your claim, to wit,
$166.54, you will accept and receive the amount in full payment of your claim
against him."

This letter the defendant refused to sign, but wrote to the plaintiff
in reference thereto as follows:

"I have received your letter of the 12th inst., and while I acknowledge the
correctness of your proposition, as embodying the points of settlement, and the
manner of payment thereof, still I hesitate to put my name to such a docu-
ment, because it is entirely negative, and therefore ultimately useless."

The respondent claims that the alleged agreement was without consideration, and void under the statute of frauds. It is obvious that the respondent did not accept the indebtedness as his own, and agree to pay it upon that basis. The very first sentence in the letter drawn by appellant as expressing the agreement negatives such a proposition. Evidently the agreement was that $20 a month was to be paid out of the salary to be earned by Drysdale. In other words, the respondent was to keep back, out of money belonging to Drysdale, the stipulated amount, and pay it over to appellant for Drysdale's account, and as part payment of Drysdale's debt. At the time of the respondent's alleged promise to pay Drysdale's debt, he was under no present duty to do so; and, if he is to be held upon his promise, not only must it be in writing, to comply with the statute of frauds, but, whether treated as an assumption of the debt, or as a promise to pay the debt of another, it must rest upon a sufficient consideration. That consideration must be one moving to the promisor (in this case the respondent), either from the creditor or the debtor. It must be beneficial to the promisor. Ackley v. Parmenter, 98 N. Y. 432, 433. In the present case there does not seem to have been any consideration moving to the respondent. True, the unsigned letter states that the agreement was made upon condition that the appellant would accept from Drysdale one-half his claim in full payment and satisfaction, if paid during the current month. This condition, even if construed as a promise by the appellant, was in no sense beneficial to the respondent, but only to Drysdale. It made no difference to the respondent how large Drysdale's debt was; for he was only to pay so long as Drysdale remained in his employ, and then only out of the wages earned by Drysdale. The same observations apply to the allegation in the complaint as to appellant's agreement not to proceed against Drysdale to collect the claim. That promise, if made, was beneficial to Drysdale, not Pincus. In any event, no such promise on the part of the appellant is proven. It is alleged in the fourth paragraph of this complaint that Pincus agreed for the payment of the claim in consideration of an agreement on appellant's part to forbear taking any proceedings upon his claim to the interference of the employment of Drysdale by Pincus. This allegation is denied by the third paragraph of the answer. The fact was thus put in issue; and no evidence was given to sustain it. It is significant, also, that no reference to such an agreement on appellant's part is to be found in the written memorandum drawn by him immediately after his conversation with Pincus, and alleged in the complaint to recite the terms of the agreement between the appellant and respondent. If the appellant relies upon the unsigned memorandum to take the case out of the operation of the statutes of fraud,—and in that way only can he have any claim against the respondent,—he must be deemed to assert that the memorandum contains the whole contract; for the rule is well established that, in order to satisfy the statute of frauds, the memorandum must contain all the substantial and material terms of the contract between the parties, and must show on its face what the whole agreement is, so far as the same is executory and remains to be performed, and rests upon an unfulfilled promise. Drake v. Seaman, 97 N. Y. 230. Hence appellant's alleged promise

to refrain from prosecuting Drysdale, if attempted to be proved, would be unavailing, even if made for respondent's benefit. We see no ground upon which a judgment for the appellant could be sustained. Respondent's alleged agreement was clearly not an assumption of Drysdale's debt, but merely a promise, if certain conditions continued, to pay the debt of another. Such a promise, to be valid, must be evidenced by a written memorandum, and founded upon sufficient consideration, and the memorandum must contain the whole agreement between the parties. If the memorandum in evidence contains the whole agreement, there was no consideration for respondent's promise. If there was a consideration, consisting of appellant's promise to refrain from prosecuting Drysdale, it is not included in the memorandum, which, by reason of the omission, is not sufficient, under the statute, to support an action. In either case the appellant must fail in an action upon respondent's alleged agreement.

Judgment affirmed, with costs.