(48 Misc. Rep. 344)

### HARVEY v. CULLINGS et al.

(Supreme Court, Special Term, Schenectady County. September, 1905.)

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT.

In an action by an administratrix with the will annexed to establish a trust in certain mortgages alleged to have been held in trust by testator of defendant for testator of plaintiff, the administratrix is not a competent witness, under Code Civ. Proc. § 829, as to conversations with defendant's testator.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, §§ 591, 607, 696, 697.]

Action by Mary Harvey, as administratrix of William Akin, against Robert C. Cullings and others, to establish a trust. Judgment for defendants.

Patterson, Bulkeley & Van Kirk, for plaintiff.

William P. Hover (H. V. Borst and Walter I. Wood, of counsel), for defendants Cullings and Walpole.

SPENCER, J. On the trial of this action the plaintiff, as a witness in her own behalf, was asked to relate a conversation with James Cullings, the defendant's testator. This was objected to on the ground that the witness was not competent, under section 829 of the Code of Civil Procedure. The court sustained the objection on the authority of Poucher v. Scott, 33 Hun, 223, affirmed 98 N. Y. 422. Subsequently the plaintiff moved to open the case and let in the testimony, and the first question now to be determined is whether such evidence is admissible. The precise question was clearly up in the case of Poucher v. Scott, supra, and the General Term of this court distinctly held that a plaintiff administrator is a party, within the prohibition of the statute, and that the enhancement of his fees by a possible recovery makes him

interested in the event. It also appears from the appellant's brief in that case that the same question was presented to the Court of Appeals, where the judgment was affirmed without discussion. The court evidently regarded the question as beyond dispute. It is, however, earnestly contended by the plaintiff that the more recent rulings of the Court of Appeals in the cases of Matter of Wilson's Will, 103 N. Y. 374, 8 N. E. 731, and Loder v. Whelpley, 111 N. Y. 240, 18 N. E. 874, are in conflict with the views above expressed, and that it is the duty of this court to follow the more recent intimation. It is true the opinion in the former case contains expressions in conflict with the ruling in Poucher v. Scott, supra, and should prevail were it not for the fact that the same court in O'Brien v. Weiler, 140 N. Y. 281, 35 N. E. 587, has since held that those cases are not applicable to ordinary actions, but only to proceedings for the probate of a will. While I find it difficult to follow the logic which draws the distinction, nevertheless the distinction is clearly made, and this court may not question the same. The application for a further hearing is therefore denied.

A careful review of the testimony leads to the conclusion that the plaintiff has failed to prove that the two mortgages mentioned in the complaint, or any other property, was held by James Cullings in trust for the plaintiff's testator, William Akin. The principal witness for the plaintiff is E. C. Dutra, the husband of the defendant, Anna Dutra. He gives the details of a conversation which he held with James Cullings, about March, 1902, while he was acting as agent for his wife. But a letter written by the wife to Mr. Cullings, in July, 1895, is altogether inconsistent with the construction which the plaintiff asks the court to put upon the conversation. Although the letter is in evidence solely as against its author, it nevertheless tends to throw doubt upon the accuracy or reliability of her husband's recollection. The defendant is therefore entitled to a judgment dismissing the complaint, with costs. I see no grounds for imposing costs upon the plaintiff individually.

Let findings of fact and conclusions of law be prepared and submitted in compliance with the foregoing.