fendants were acting as agents only, and that J. Glickman was the principal. The plaintiff, however, sued defendants, as principals, for a breach of the contract resulting from the discharge of plaintiff after the first performance. The justice allowed plaintiff $200 damages with interest and costs. Defendants appeal.

The agreement was signed, not by Glickman, but by defendants, with nothing to indicate that they signed in a representative capacity. The plaintiff's name was signed by said Lewis with the addition "per W. P. L." The plaintiff's contention is that defendants held themselves out as principals and not as agents. Plaintiff was discharged by one Schwartz, acting, as plaintiff's witnesses claim, for defendants and not for Glickman, whom plaintiff and her representative never saw. As we have seen, however, the preamble in the agreement names Glickman as party of the first part, and also a provision appears in the said agreement for the payment of a commission to defendants. Besides this Schwartz swears he acted for Glickman in discharging plaintiff. Furthermore plaintiff's representative, Lewis, admits he knew defendants were booking agents and were to receive a commission, as such agents. This seems inconsistent with the theory that they were theatrical managers, and acted as principals in the employment of plaintiff. The mere signing of their names to the contract which, as it appears from the contract itself, they made for another, does not make them principals, instead of agents. Nor can it be claimed that they acted as agents for an undisclosed principal, as the name of Glickman appears in the agreement itself. It seems to us that plaintiff has not made out a cause of action against these defendants, and the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

PACKARD et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term.   December 11, 1906.)

ASSIGNMENT—ACTION—CONDITIONS PRECEDENT—DEMAND.

Where the R. company, being indebted to plaintiff, gave him a note due on or before a certain date, to secure payment of which it assigned to him all the moneys due it from defendant, notice of such assignment created but a contingent liability on the part of defendant, and, the note being uncertain as to date of maturity, plaintiff could not sue on the assignment without first demanding payment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, § 210.]

Appeal from City Court of New York, Special Term.

Action by Nathan J. Packard and another against the Long Island Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

M. Joseph McCloskey, for appellant.
Samuel Packard, for respondents.

FITZGERALD, J.  This appeal is from an order amending an order overruling a demurrer to the complaint, and also from the interlocutory judgment entered upon the last-named order.  The order amending the order overruling the demurrer was entered upon the defendant's motion, and the appeal therefrom must be dismissed.  The demurrer to the complaint was well taken and should have been sustained.  Briefly, the complaint averred that in June, 1906, the August Roesler Company gave to plaintiffs a promissory note for value, in the sum of $1,000, due on or before July 25, 1906.  At the time this note was given to plaintiffs the defendant owed the Roesler Company upwards of $5,000 for work done for it by the Roesler Company.  To secure the payment of this note the Roesler Company assigned to plaintiffs all the moneys due it from the defendant.  Defendant was notified of this assignment on July 13, 1906.  On July 25, 1906, payment of the note was demanded of the Roesler Company, but the same not being paid, suit without demand for payment upon or notice to the defendant was begun.  No demand for payment is alleged in the complaint.  It is not claimed that the assignment to the plaintiffs by the Roesler Company of the sum due from defendant was an absolute assignment creating immediately an absolute liability on the part of defendant, but the same was given as security merely, for payment of the note.  Notice of such assignment created at most but a contingent liability on the part of the defendant, and such liability depended on whether or not the note was paid.  The note was uncertain as to its due date, and therefore the knowledge as to when the plaintiffs exacted payment or when demand therefor and default was made was peculiarly within the knowledge of the plaintiffs, and, before payment could be exacted of the defendant, demand for payment upon it should first have been made.  This is in accordance with the rule that, when the fact upon which the defendant's liability depends is within the plaintiff's knowledge, notice should be given to the defendant before bringing the action.  Cole v. Jessup, 2 Barb. 309; Bunn v. Lett, 47 N. Y. St. Rep. 77, 19 N. Y. Supp. 728; Wanger v. Swift, 90 N. Y. 38.

Appeal from order dismissed with $10 costs.

Interlocutory judgment reversed, and demurrer sustained, with costs, and plaintiff allowed to amend the complaint within six days upon payment of costs less the $10 costs imposed upon dismissal of appeal from order.  All concur.