(53 Misc. Rep. 552)

### HEINEMANN et al. v. BRASCH et al.

(Supreme Court, Appellate Term.    April 10, 1907.)

PRINCIPAL AND SURETY—CONDITION PRECEDENT TO ACTION—DEMAND UPON
    SURETY.

   Where, in an undertaking, the surety agreed to pay, to the amount thereof, on demand, any loss to the obligees on account of the misappropriation of their funds by the principal, a demand on the surety was a condition precedent to an action on the undertaking, and was not waived by a failure to plead that there had been no demand.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, § 388.]

Appeal from City Court of New York, Trial Term.

Action by Simon D. Heinemann and another against Bertha Brasch and another. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Joseph C. Kadane, for appellants.
Henry Goldstein, for respondents.

GIEGERICH, J.   The action is brought upon the following undertaking:

"Know all men by these presents, that we, Leo Jacobi and Bertha Brasch, are hereby held and firmly bound unto Heinemann & Co. in the sum of five hundred ($500) dollars, lawful money of the United States, to be paid to the said Heinemann & Co., their executors, administrators, or assigns, for which payment to be made we bind our heirs, executors, and administrators firmly by these presents. Sealed with our seals. Dated the twenty-eighth day of February, nineteen hundred and three.

"The condition of the above obligation is such that, if the above bounden Leo Jacobi shall misappropriate any of the funds of the said Heinemann & Co., we. or our heirs, executors, or administrators, shall pay or cause to be paid unto the above named Heinemann & Co., their executors, administrators, or as-

signs, the sum of five hundred dollars ($500) or less, on demand, to make good any loss to them on account of said misappropriation.

"Witness our hands and seals this twenty-eighth day of February, 1903.

"Leo Jacobi.   [L. S.]

"Bertha Brasch.   [L. S.]"

It was shown upon the trial that Jacobi had failed to account for various sums collected by him, and judgment was rendered for the aggregate of the sums so misappropriated.   On behalf of the defendant surety it was urged upon the trial, among other objections, that no demand had been made before suit brought.   In support of the proposition that no demand was necessary the plaintiff cites Wilson v. Field, 27 Hun, 46, Krause v. Rutherford, 37 Misc. Rep. 382, 75 N. Y. Supp. 773, and Epstein v. U. S. Fidelity Co., 29 Misc. Rep. 295, 60 N. Y. Supp. 527; but the two former actions were upon the customary form of undertaking given on procuring an order of arrest, while the latter was on the form of such undertaking given on procuring an attachment, neither of which forms of undertaking provides for any demand.   In this case, on the contrary, there is an express provision for a demand; and not only on the general rule that the contract of a surety should be construed strictly in his favor, but also because of the nature of this case, such requirement should be enforced.   Until demand was made, the surety would have no means of knowing how much the misappropriation amounted to, or, indeed, that there had been any misappropriation.   As was said by this court in Packard v. Long Island R. R. Co., 52 Misc. Rep. 98, 101 N. Y. Supp. 660:

"When the fact upon which the defendant's liability depends is within the plaintiff's knowledge, notice should be given to the defendant before bringing the action"—citing Cole v. Jessup, 2 Barb. 309, Bunn v. Lett, 65 Hun, 43, 19 N. Y. Supp. 728, and Wangler v. Swift, 90 N. Y. 38.

The respondent attempts to argue that the failure of the defendant to plead a want of demand was a waiver; but, in the view I take of the contract, the proof of such demand was a part of the plaintiffs' case.   The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.   All concur.