In the Matter of the Estate of JEROME E. HOWE, Deceased.
LEON BROWN, as Administrator, etc., of CHARLES HOWE, Deceased,
Claimant, Appellant; ERSKINE C. ROGERS, as Executor, etc.,
of JEROME E. HOWE, Deceased, Respondent.

Third Department, November 13, 1940.

*William Gitnick* [*B. Leo Schwarz* of counsel], for the appellant.

*LeRoy E. Middleworth*, for the respondent.

SCHENCK, J. This is an appeal from a decree of the Surrogate's Court of Washington County which dismissed a claim against the estate of Jerome E. Howe. This claim is made by the administrator of the estate of Charles Howe, deceased, and is based upon an alleged agreement by Jerome to leave his estate to Charles or Charles' children.

The alleged agreement can be spelled out only through the medium of two letters written by Jerome, together with the testimony of the claimant-appellant himself as to conversations with the deceased Jerome in which he states that Jerome made the alleged agreement. The letters alone are too vague and indefinite to support the alleged agreement. Taken in connection with the claimant's testimony, however, it is possible that such a contract as is alleged to be the basis of the claim could be found. The question to be decided, therefore, is whether or not claimant's testimony as to his conversations with the deceased Jerome is competent in view of the provisions of section 347 of the Civil Practice Act.

The section provides that " a party or a person interested in the event * * * shall not be examined as a witness in his own behalf or interest, * * * concerning a personal transaction or communication between the witness and the deceased person * * *." The surrogate at the trial after reserving decision on a motion to exclude such testimony, finally upheld the objection and ordered it stricken out. The authorities seem to indicate, although none too clearly, that he was correct in making this ruling and that, accordingly, his decision dismissing the claim for lack of substantiating evidence must be affirmed.

At first glance it might appear that this administrator has no interest in the proceedings inasmuch as he has no stake in the outcome even apparently having waived his commissions. The Court of Appeals, however, has held that such evidence is inadmissible. The case of *Mills* v. *Davis* (113 N. Y. 243) seems to be the authority most nearly covering the point involved. In that case an executor's testimony on behalf of his estate, in an action against the administrators of the estate of the maker of a note, was excluded on the ground that it was such a transaction with a deceased as was intended to be within the purview of section 347. The *Mills* case has never been reversed or distinguished in such a manner as to be limited to its own facts. It must be deemed to be the law and as such is controlling in a case where the facts are as highly analogous as they are here.

The same principle of law has been enunciated, at least by inference, in several cases subsequent to the *Mills* decision. (*O'Brien* v. *Weiler*, 140 N. Y. 281; *Harvey* v. *Cullings*, 48 Misc. 344. See, also, *Poucher* v. *Scott*, 33 Hun, 223; affd., 98 N. Y. 422.) These decisions indicate that the *Mills* case has been generally interpreted as controlling upon the point involved.

Without the claimant's own testimony the claimant's case lacks substance sufficient to support the claim. Accordingly, the other questions involved need not be passed upon.

The decree of the surrogate should be affirmed.

HILL, P. J., CRAPSER, BLISS and FOSTER, JJ., concur.

Decree of the surrogate unanimously affirmed, without costs.