In the Matter of the Accounting of VALENTINE J. FAETH, as Executor of MARY G. FAETH, Deceased.

Surrogate's Court, Queens County, May 17, 1951.

*Clarence Fried* for executor, petitioner.

*William J. Dawley* for George W. Gittins and others, objectors.

SAVARESE, S.  In this contested accounting proceeding it appears that the testatrix died on September 30, 1948, leaving a will dated January 17, 1939.  She left her entire estate in trust to pay one third of the income to a nephew and two thirds thereof to a niece and to pay the principal to them in the same proportions at such time or times after either of them attained majority as the trustee should determine in " his own best judgment." She named her brother trustee and her husband executor. Although she entreated her husband in the will to waive his rights under the Decedent Estate Law, he nevertheless filed a notice of election pursuant to section 18 thereof.  He is therefore entitled to one half of any distributable balance.  His account discloses no balance on hand, however, and outstanding claims for administration expenses and debts paid by him totalling $1,764.16 after deducting certain items to which objections were sustained on consent.  The trustee and both beneficiaries, who are over twenty-one, have filed objections, principally upon the ground that the executor has failed to account for all the testatrix' assets.

The objectors claim the husband executor holds for the benefit of the testatrix one half the net profit realized on the sale and purchase of certain real estate in Forest Hills.  On February 17, 1917, the brother trustee deeded a house and lot on the southwest corner of Ibis Street and Colonial Avenue to the testatrix and her husband as a wedding gift.  In 1920 a mortgage was placed on the premises and the proceeds given to the brother. In 1922 or 1923 the premises were sold subject to the mortgage and a different home across Ibis Street was purchased.  The deeds to both premises created tenancies by the entirety.  The exact net profit, if any, made on the exchange is difficult to

determine from the testimony, but it appears to be less than $3,000. The proceeds of sale were deposited in the husband's bank account, and the purchase money for the new house was withdrawn from it. Testatrix never had an account of her own.

The only testimony in support of this objection was that of the trustee himself. He stated that he was present during conversations between the testatrix and her husband in 1924 in which she asked him for some money and the husband responded that he preferred to retain her money among his own funds for her benefit, including her share of the " overage " resulting from the exchange of homes. Objection to this testimony under section 347 of the Civil Practice Act was overruled at the trial and that ruling is adhered to. The trustee has no beneficial interest in the estate. Neither his right to commissions nor his possible right to costs render him " interested in the event " so as to disqualify him under the statute. (*Matter of Wilson*, 103 N. Y. 374; Civ. Prac. Act, § 347, as amd. by L. 1935, ch. 371.) He has no " financial interest in the event of the litigation which would be supported and forwarded by the testimony which " he gave. (*Harrington* v. *Schiller*, 231 N. Y. 278, 285; *Croker* v. *New York Trust Co.*, 245 N. Y. 17; *Matter of McCulloch*, 263 N. Y. 408; cf. *Mills* v. *Davis*, 113 N. Y. 243; *Poucher* v. *Scott*, 33 Hun 223, affd. 98 N. Y. 422, and *Matter of Howe*, 260 App. Div. 555.)

The husband denied the alleged conversations, denied that he ever held any of his wife's money, and stated that he considered all funds his as head of the household. The burden of proving the alleged agreement or understanding was upon the objectors. The only witnesses were the brother and the husband, both of whom were obviously interested, although not disqualified. In the absence of any independent proof substantiating the contention of the objectors, the court holds that they have not sustained the burden of proof. Furthermore, if there was a demand and refusal by the testatrix in 1924, her claim would be barred by the Statute of Limitations. (Civ. Prac. Act, § 48; *Cohen* v. *City Co. of New York*, 283 N. Y. 112; *Mills* v. *Mills*, 115 N. Y 80; *Hart* v. *Goadby*, 72 Misc. 232.)

The objectors also contend that the executor has failed to account for half the proceeds of sale of real property located at 216–13 90th Avenue, Queens Village. Said property was purchased on July 1, 1940, with $6,000 withdrawn from the husband's bank account. The deed described the grantees as " Valentine J. Faeth and Mary G. Faeth, his wife." The parties were therefore tenants by the entirety. (*Bertles* v. *Nunan*,

92 N. Y. 152; *Hiles* v. *Fisher,* 144 N. Y. 306.) On or about December 10, 1947, they sold the realty for $9,000 taking back a purchase-money bond and mortgage of $3,000 as part of the price. The latter instruments described the obligees and mortgagees as "Valentine J. Faeth and Mary G. Faeth, his wife." The cash proceeds of the sale were deposited in the husband's individual bank account.

Where a husband furnishes all the consideration for personal property taken in the names of husband and wife, and the wife survives, it has been held that the husband presumptively intended to make a gift to his wife of a right of survivorship in the property. (*Belfanc* v. *Belfanc,* 252 App. Div. 453, affd. 278 N. Y. 563; *Matter of Draser,* 81 N. Y. S. 2d 648.) But where both spouses furnish the consideration the usual statutory rule that a tenancy in common has been created prevails in the absence of evidence of some other intent. (Real Property Law, § 66; *Matter of Kimberly,* 150 N. Y. 90; *Matter of Kaupper,* 141 App. Div. 54, affd. 201 N. Y. 534.) There is no tenancy by the entirety in personal property in this State. (*Matter of Albrecht,* 136 N. Y. 91.) It has been squarely decided that where a tenancy by the entirety is exchanged in part for a mortgage taken in the names of both spouses the latter are presumptively tenants in common of the mortgage. (*Matter of Blumenthal,* 236 N. Y. 448; *Matter of Baum,* 121 App. Div. 496.) There is no indication of a contrary intent in this case. Testatrix was therefore a tenant in common of an undivided one half of the bond and mortgage. Her estate should be credited with one half of $2,775 which was the principal balance due on the date of death.

The testatrix acquiesced in her husband's conduct in depositing the cash proceeds of the sale of the realty in his personal bank account. It was not earmarked with her name, as was the mortgage. That the cash was received on the sale of jointly held property is alone insufficient to indicate that the testatrix intended to retain an interest therein. The husband originally furnished all the consideration for the realty taken by the entirety. It would seem that the testatrix, although having the right to half the proceeds of sale, was content to permit her husband to assume ownership of the cash proceeds. Her estate is therefore determined to have no interest therein. Objections first, second, sixth and seventh are disposed of in accordance with the foregoing. Objections third and fourth were sustained on consent. Objection fifth was withdrawn. Account settled. Submit decree on notice.