S. Samuel Di Falco, S.
The objectant claims that the decedent was indebted to her in the total sum of $2,451.12 for money loaned to him on various occasions. At the hearing she proved delivery to him of two checks, each drawn by objectant to the order of the decedent and each indorsed by him. The first check dated May 28,1956 was in the sum of $2,000 and the second dated June 12,1956 was in the sum of $200. The record does not support the argument of objectant that the decedent and the objectant instructed one of the witnesses to liquidate assets ‘ ‘ so that she could lend the money to the decedent ”. The witness did not so testify. There is, however, other evidence in the record to establish the making of one loan to the decedent.
The rule is well settled that the unexplained delivery of a check by one person to another does not raise any inference that it was given as a loan. On the contrary, the presumption is that it was given in discharge of an obligation rather than in the creation of a new one (Nay v. Gurley, 113 N. Y. 575, 577; Koehler v. Adler, 78 N. Y. 287, 291; Poucher v. Scott, 33 Hun 223, 228, affd. 98 N. Y. 422, 424; Matter of Bakri, 109 N. Y. S. 2d 654). Here, however, the objectant’s case does not rest solely upon the delivery of the $2,000 check. The record shows that the objectant had an account with a brokerage firm, that the decedent told the broker to sell out the objectant’s holdings and to send her the proceeds. The broker called the objectant to verify the decedent’s authority to give such instruction and the objectant confirmed the instructions. She told the broker that she would give the decedent another check. The assets in the account were sold and a check was mailed by the broker to the objectant. The decedent thereupon brought to the broker a new check in the sum of $2,000 and opened an account in his name. The broker testified: £ ‘ He [the decedent] brought in the check from Mrs. Adler and he said to me, 1 Put it on my account, ’ and I did so. * * * He told me that that money was Pearl Adler’s money. ’ ’
In view of the testimony of the broker and the admissions of the decedent, it is clear that either the decedent was managing the objectant’s money in an account in his own name or that he had borrowed the money from the objectant. The account of the administrators reports that at the time of the decedent’s death there was in the brokerage account in the decedent’s name the *577 sum of $2,979.69. Neither party contends that the decedent was operating only as the agent of the objectant and that the objectant thereby was the owner of the account existing at the time of his death. Under all of the circumstances the only reasonable inference that can be drawn from the entire record is that the decedent borrowed this sum of $2,000 from the objectant.
The objectant offered proof that a second check in the sum of $200 was issued by her to the decedent and that he also deposited that check on a later date in the same brokerage account. There are no facts in the record from which it can be determined whether this check was issued to discharge an obligation owed to the decedent or to create a new obligation on his part. The objectant has failed to prove a loan of $200. No proof was offered by the objectant to substantiate her claim that the decedent was also obligated to her in further amounts.
The objections are, therefore, sustained to the extent that the objectant is entitled to receive from the estate the sum of $2,000, with interest from June 1,1956, the date of payment of the check. Her objections are otherwise overruled.
In their brief the administrators refer to evidence which they did not produce at the hearing, and they assert that they will be glad to submit the evidence to the court if directed to do so. Whether or not the administrators shall move for a new hearing is a matter that must be decided by them. Such a motion if made must be made in the usual way and under the usual conditions.
The reasonable compensation of the attorney-administrator is fixed in the amount requested by him. His out-of-pocket disbursements may be taxed in a bill of disbursements.
Submit decree on notice settling the account accordingly.